CHIEF JUSTICE WILLIAMS
delivered the opinion oe the court:
Appellee sued appellants for a stallion, averred to be worth one thousand dollars, and claimed one hundred dollars for his detention. Appellant, Morgan, justified his taking possession and detention of the horse, as collector of the city of Lexington, and because Nance owed the city for local taxes seven dollars.
It appeared from the pleadings that Morgan had executed the proper bond, and entered upon the discharge of his official duties, after his election in March, 1868, but that he had taken no other oath of office than the one prescribed by the amendatory act of February 18, 1868, to the city charter (1 Ses. Acts., 582), which, as to the collector only, requires that he should swear faithfully 'to discharge the duties of his office, support the Constitution of the United States, and be true and faithful to the Commonwealth of Kentucky, leaving off the dueling oath as prescribed by section 1, article 8, State Constitution, which requires that “ all officers, before they enter upon the execution of the duties of their respective offices * * * shall take the following oath or affirmation,” which, among other things, requires that officers shall swear or affirm, “that, since the adoption of the present Constitution, I, being a citizen of this State, have not fought a duel with deadly weapons, within this State nor out of it, with a citizen of this State ; nor have I sent or accepted a challenge to fight a duel with deadly weapons with a citizen of this State; nor have I acted as second in carrying a challenge, or aided or assisted any person thus offend *326 ing.” And by section 20, same article, it is provided, that “ any person who shall, after the adoption of this Constitution, either directly or indirectly, give, accept, or knowingly carry a challenge to any person or persons, to fight in single combat, with a citizen of this State, with any deadly weapon, either in or out of the State, shall be deprived of the right to hold any office of honor or profit in this Commonwealth, and shall be punished otherwise in such manner as the General Assembly may prescribe by law.”
“ All officers” are required to take said oath. If the term “ all officers,” as used in section 1 of this article, was of doubtful import, section 20 would remove all uncertainty, as it forfeits the right of any one, who shall so engage in a duel or challenge, to hold “ any office of honor or profit in this Commonwealth;” not that it must be a State or county office, connected with the public service, but if it be any office of honor or profit within the Commonwealth.
If this needed further illustration, the fact that town and city officers were regarded as officers within this general designation would be found in section 6, article 6, Constitution, which provides that “ officers for towns and cities shall be elected for such terms, and in such manner, and with such qualifications, as may be prescribed by law.” Having designated such as officers in this article, it can hardly be conceived that these were not intended to be embraced by the general language in the subsequent article 8.
But it is said the qualifications of these town and city officers are to be prescribed by law, and this is true; but-this in nowise intended to confer upon the Legislature the power to remove constitutional disqualifications; to prescribe qualifications is a different thing to the removal of disabilities. Under the power to prescribe qualifica *327 tions, the Legislature could not authorize the election of a non-resident citizen of another State, nor a person of African descent, nor one convicted of an infamous crime, but may prescribe additional qualifications as to those constitutionally eligible to office, or rather as to those not constitutionally ineligible.
So by section 10, article 6, “ the General Assembly may provide for the election or appointment, for a term not: exceeding four years, of such other county or district, ministerial and executive officers as shall, from time to time, be necessary and proper;” but this will not authorize the Legislature to allow by law persons to hold such offices as are inhibited by the Constitution from holding any office of honor or profit within the State.
The Constitution is consistent with itself; and when it attaches a disqualification to the holding of any office, it is not to be construed as meaning that the Legislature may remove this under the power to prescribe the qualification as to such offices as it may create.
This is made the more palpable by section 21, article 8, Constitution, which authorizes the Governor, after five years from the time of the offense, to pardon those who may have participated in anywise in a duel", and which js “ to restore him or them to all the rights, privileges, and immunities to which he or they were entitled before such participation. And upon the presentation of such pardon, the oath prescribed in the first section of this article shall be varied to suit the case.'’''
It is the pardon which is to restore them, and this can, only be granted by the Governor, and that not within, five years of the offense, and the oath is not to be varied until the pardon.
The policy of the Constitution was to suppress the condemned practice of dueling; first, by requiring of all *328 officers to swear they have not participated in such; next, by attaching a disqualification to hold any office of honor or profit, beyond any remedy, for five years, and then not until pardoned by the Governor.
It is not perceived why the Legislature may not quite as easily waive the necessity of swearing that the officer will support the Constitution of the United States, or that he will be true and faithful to the Constitution and laws of the State, as to set aside the necessity of taking this dueling oath. If they may do the one, so they can do the other, until all the constitutional requirements may be removed by legislative enactment, to meet some emergency or private interest. But it neither appeal’s in the pleadings nor proof that Morgan is so constitutionally disqualified; and, although if he is so ineligible, this enactment cannot render him eligible, nor waive the necessity of his taking the dueling oath; yet, if he is not ineligible, the failure to take it, as it was dispensed with by said enactment, would not render his acts void. As held by the Supreme Court of the United States in Marbury vs. Madison, 1 Cranch, 163; U. S. vs. LeBaron, 19 How., 73; Same vs. Stewart, same, 79, when a person has been nominated to, and confirmed by the Senate, and his commission signed, his appointment is complete, and on complying with the conditions of the law his right to enter upon the discharge of its duties and enjoy the office is perfect; but this in nowise determines that if he should fail to pursue every direction, of either the Constitution or laws, that his official acts would be void and his office vacant.
In Rice vs. Commonwealth (3 Bush), this court held the official acts of the police, judge of Owingsville good, though he had taken the official oaths before a notary public, who had no legal authority to administer such oaths, though this was in a collateral proceeding.
*329 If the officer be eligible, and he has taken such oaths as he supposed to be required, and regards his installation as regular, he might be deemed an officer cle jure as well as de facto, until a regular proceeding and a judgment declaring his office vacant. But as was held by this court in Rodman vs. Harcourt & Carico (4 B. Mon., 224), when the incumbent was ineligible, his claim to the office and discharge of its duties, however regular his installation, are no protection to him, and in a suit to hold him responsible he cannot justify under his office. So, also, it was held by the Supreme Court of Tennessee, in Pearce vs. Hawkins (2 Swan, 87).
In this case, Morgan had taken the only oath which he supposed was requisite. His election and installation into office appear regular in all things else. It no where appears in the case that he was ineligible, or that he could not take the dueling oath if it be required; and as if, upon proper proceedings to vacate his office, because he had not taken said oath, it should appear before the trial that he had so taken it, we cannot doubt but that this would defeat any judgment of vacation. We regard the-judgment sustaining a demurrer to Morgan’s answer as erronous, also the judgment in plaintiff's favor upon the submission of the facts to the court. But upon the return of the cause, either party should be permitted to amend their pleadings — the plaintiff to aver that Morgan is constitutionally ineligible to said office, because falling within the denunciations of sections 20 and 21, article 8, State Constitution, if this be the fact; and Morgan permitted to amend and show that he has taken said dueling oath, if the parties should so desire, within a reasonable time.
We regard the jurisdiction of this court clear upon the-facts of this case.
*330 So far as the Constitution requires of all officers to take the prescribed oath, and so far as it provides disqualifications upon acts and not upon judgment of conviction, the Constitution, as the supreme law of the land, executes itself without any extraneous aid by way of legislation, nor can its requirements be so defeated.
The case of Thomas vs. Owens (4 Md., 191) has but little, if any, application to this case. It involved the question, under the Constitution and laws of Maryland, when the comptroller was to be deemed in office, and from what time his salary began, whether at the date of his election or the date of taking the official oaths.
Wherefore, the judgment is reversed, with directions for further proceedings consistent herewith.