Dorain v. Walters.

CASE 5.—ACTION BY GEORGE WALTERS AGAINST JOHN J.
    DORAIN TO RECOVER AN OFFICE.—February 11.

# Dorain v. Walters

Appeal from McCracken Circuit Court.

W. M. Reed, Circuit Judge.

Judgment for plaintiff, defendant appeals—Reversed.

1. Municipal Corporations—Officers—Election—"Fiscal Officer."—
   The office of city treasurer of cities of the second class is
   created by statute, and Ky. Stats., section 3132, makes it
   the duty of the treasurer to receive and hold the city's money.
   Constitution, section 160, provides that no fiscal officer of a city
   of the second class, after the term of office to which he has
   been elected under the Constitution, shall be eligible for the
   succeeding term, and that "fiscal officer" shall not include an
   officer whose chief duty is not the collection or holding of
   public moneys.    Held, That the city treasurer of a city of
   the second class is a "fiscal officer," within Constitution sec-
   tion 160, and not eligible to succeed himself in that office.
2. Officers—Eligibility—Holding Over of Ineligible Officer.—If the
   incumbent of an office were ineligible to re-election, the fact
   that he received a majority of the votes for re-election and
   the certificate of election would confer no right upon him, but,
   as the certificate would be void, there would be no one
   elected to fill the office, and a vacancy would exist though
   the Constitution permits him to continue to exercise the
   duties of the office until his successor qualifies.
3. Municipal Corporations—"Fiscal Officer."—A fiscal officer of
   a city, within the meaning of Constitution section 160 is one
   who is the custodian of the public treasure.
4. Municipal Corporations—Officer—"Fiscal Officer."—A city of-
   ficer who collects or receives the public money, though he
   do not hold it, is a fiscal officer within Constitution section
   160, making fiscal officers of cities of the second class ineli-

Dorain v. Walters.

gible to succeed themselves in office, and providing that the term "fiscal officer" shall not include an officer whose chief duty is not the collection or holding of public moneys.

5. Municipal Corporations—Officers—Eligibility—Construction of Constitution—"Elected Under the Constitution."—The phrase "elected under the Constitution," in Constitution section 160, providing that no fiscal officer of a city of the first or second class, after the term of office to which he has been elected under the Constitution, shall be eligible for the succeeding term, means elected since the adoption of this Constitution, and does not limit the provision to offices created by the Constitution.

7. Officers—Title to Office—Action to Recover Office—Burden of Proof.—One who sues to recover a public office has the burden of proving every fact essential to show his title, his recovery depending upon the strength of his own title, and not upon the weakness of his adversary's.

8. Elections—Canvass—Certificate of Election—Conclusiveness.—The possession of a certificate of election raises no presumption of the eligibilty to the office of the person to whom it is issued, since the canvassing board merely tabulates and certifies the returns of the election, and has no power to pass upon the eligibilty of the person voted for.

9. Officers—Qualification—Eligibility—Power of Officer Administering Oath to Determine.—The officer whose duty it is to administer the oath of office to an elected officer and accept his official bond has no jurisdiction to inquire into the eligibility of the person presenting himself for qualification, but if the person tenders himself with the bond within the time prescribed by law, he must accept the bond if good, and administer the oath if the person offering will take it, if the certificate of the canvassing board shows he had received the requisite number of votes at an election legally held to fill that office..

10. Officers—Actions to Recover Office—Pleading.—In an action to recover an office, matters of disqualification by conviction for felony or disfranchisement, or having done any act vacating the office, are in the nature of exceptions, which need not be anticipated in the petition, but must be urged as matter of defense to combat plaintiff's prima facie case.

11. Officers—Action to Recover Office—Presumption—Eligibility.—In a direct proceeding by one to recover an office, there is no presumption of eligibility.

12. Municipal Corporations—Officers—City Treasurer—Action to Recover Office—Necessary Allegation and Proof.—In an

Dorain v. Walters.

action to recover the office of city treasurer in a city of the second class, plaintiff must allege, and, on denial, prove, not only his election, but also that he was when elected 25 years of age, and that he had been then a resident of the city for three years next preceding it; those being the qualifications for the office declared by Ky. Stats., section 3131.

13. Municipal Corporations—Officers—City Clerk—Nature of Office.—The city clerk in a city of the second class is a ministerial officer with the limited powers and duties conferred by statute.

14. Municipal Corporations—Officers—Qualification—Approval of Bond.—Ky. Stats., section 3132, provides that the city treasurer in a city of the second class shall give such bond, and receive such salary as the council shall by ordinance provide. The ordinance of a city of the second class provides merely that the treasurer shall execute bond in a certain sum, and does not provide what officer shall approve it. Held, That the council reserved to itself the power of approval.

CRICE & ROSS for appellant.

J. D. MOCQUOT of counsel.

The material questions to be determined in this case are as follows:

1. Did the court err in overruling appellant's general demurrer to appellee's petition, because same did not allege that appellee was eligible to the office of city treasurer, or such constitutive facts as show that he was eligible.

2. Is the appellant ineligible to succeed himself as city treasurer under the terms of section 160 of the Constitution, and sections 3131 and 3132, Kentucky Statutes.

3. Is the city clerk of Paducah, or second class cities, the proper officer to take and approve the official bond of city treasurer.

AUTHORITIES CITED.

Constitution, sections 160, 167 and 156; Ky. Stats (Treasurer), sections 3131 and 3132; Ky. Stats. (Clerk), sections 3133 to 3136; Ky. Stats. (Mayor), sections 3106 to 3117; Elliott v. Burke, 113 Ky. 479, 483; Toney v. Harris, 85 Ky. 464; Justices v. Clark, 1 Mon. 82; Tillman v. Otter, 93 Ky. 604; Patterson v. Miller, 2 Metc. 497; Overshiner v. State, 59 N. E. 470; People, etc., v. Ballam, 54

Dorain v: Walters.

N. E. 1032; People, etc., v. Schew, 60 N. E. 650; Risley v. Howell,. 64 Fed. 453.

WHEELER, HUGHES & BERRY for appellee.

### POINTS AND AUTHORITIES CITED.

1. In an acticn to recover an office usurped by another, if plaintiff's petition charges that he was duly elected and has been awarded a certificate for the office to which he aspires and has qualified therefor, it is complete. (Morgan v. Vance, 4 Bush 323; Jones v. Commonwealth, 10 Bush 725.)

2. Title to office and eligibility therefor are separate and distinct; the former flows from popular favor, the latter from sovereignty which prescribes in Constitution or Statute the conditions under which the title may ripen by user.

3. In cities of the second class it is the duty of the city clerk to register and preserve in his office all contracts, bonds, oaths or affirmations taken or given by city officers or employes and to administer all oaths to city officers. (Ky. Stats., section 3136.)

4. In section 160 of the Constitution the expression "elected under this Constitution" means "selected under this Constitution," and a fiscal officer elected or selected under the Constitution is ineligible to succeed himself.

5. The term of such office is four years and until his successor is qualified; and in addition to the definition of fiscal officer set out in section 160 of the Constitution, all officers created by the Lexislature, whose principal duty is the handling of public funds,. are fiscal officers within the meaning of said section.

OPINION OF THE COURT BY JUDGE O'REAR—Reversing.

Appellant was elected treasurer of the city of Paducah, a city of the second class, at the regular election November, 1903, for the term of four years; his term expiring January, 1908. He qualified and served the term. At the November election, 1907, he was again elected for another term of four years beginning January, 1908. Conceiving that he was ineligible for re-election, the authorities called an election to fill the vacancy in the office at the No-

vember election, 1908, which was the proper time for
filling the vacancy by election, if the vacancy existed.
Appellee was elected to the office at that election.
He was given the certificate by the canvassing board,
executed bond, and took the oath of office. Appellant
refusing to give up the office, but persisting in dis-
charging his duties, appellee brought this suit against
him to recover possession of the office, and to restrain
appellant from interfering with him in the discharge
of its duties. By statute the office of city treasurer
of cities of the second class is created, with a term of
four years, to be elected by the popular vote at the
regular quadrennial elections held beginning with the
year 1895. The treasurer receives and holds the
public money of the city. Section 3132, Ky. St. Sec-
tion 160 of the Constitution, treating of the election
of municipal officers and their terms and qualifica-
tions, provides that mayors and police judges and
members of the legislative boards of cities of the first,
second, and third classes shall be elected by the peo-
ple, but allows such officers, except the legislative
boards of cities of other classes, to be elected by the
people or appointed as may be provided by statute.
The section continues: ''Other officers of towns or
cities shall be elected by the qualified voters therein,
or be appointed by the local authorities thereof, as
the General Assembly may, by a general law, pro-
vide; but when elected by the voters of a town or
city, their terms of office shall be four years, and
until their successors shall be qualified. No mayor
or chief executive or fiscal officer of any city of the
first or second class, after the term of office to which
he has been elected under this Constitution, shall be
eligible for the succeeding term. 'Fiscal officer' shall
not include an auditor or assessor, or any other

officer whose chief duty is not the collection or holding
of public moneys. The General Assembly shall pre-
scribe the qualifications of all officers of towns and
cities, the manner in, and causes for, which they may
be removed from office, and how vacancies in such
office may be filled.'' If appellant was ineligible for
re-election in 1907, the fact that he received a ma-
jority of the votes and the certificate of election
conferred ,no right upon him. The certificate was
void; and, there having been no one elected to fill the
office, a vacancy existed, although he was permitted
by the Constitution to continue to exercise the duties
of the office until his successor qualified.

Appellant contends that he was not ineligible be-
cause the office of treasurer of a city of the second
class is not one filled by ''election under this Con-
stitution.'' Section 160, supra, meant to disqualify
two of the municipal officers of first and second class
cities for re-election. One was the chief executive
by whatever name he might be called, the other was
the ''fiscal officer,'' by whatever name he might be
called. That no doubt might arise as to what that
term included the section excludes from its meaning
assessing and auditing officers, and specifically, by
elimination of all others, confines it to such officers
only as collect or hold the public money. The name
of the officer was not given because the Legislature
or the municipal board might confer upon some other
office than treasurer by name the duty of collecting
and holding the public money. It was intended to
disqualify the person who discharges those functions,
so he was described instead of named. A fiscal officer
is one who officially is the custodian of the public
treasure. Unless the words of the section apply to
a city treasurer who collects and holds the public

money collected for the city, then there is no one to whom they could apply. There is a suggestion in argument that, as a statute requires the treasurer to deposit daily the public money in a designated depository, he does not hold the public money; but we think he does. Requiring him to deposit it in a selected depository merely directs how he shall hold it. Besides, he undoubtedly collects or receives the public money, and that act brings him within the terms of section 160 of the Constitution.

But appellant's main contention is that the city treasurer is an officer created not by the Constitution, but by statute, and that it is only such fiscal officers as are "elected under this Constitution" that are ineligible for reelection; it being argued that, unless the office is created by the Constitution, an election to fill it is not an election to an office under the Constitution. The section does not nor does any other provision of the Constitution create any municipal fiscal office. If appellant's argument is sound, it would follow that the provision of section 160, disqualifying fiscal officers of cities of the first and second classes for re-election would fail of application in any state of case. Such a construction cannot be favored. The Constitution was intended to be applied to actual conditions. If the words "elected under this Constitution" be left out of view for the moment, it would be perfectly clear that the disqualification applied to all fiscal officers of the first and second class cities, whether such officers were created by the Constitution or by statute. Looking to the purpose of the convention in adopting that provision, we know it was to prevent those public servants who were custodians of the public money from continuing so long in office as to make it pos-

sible for them to steal large sums. It was to pro-
vide a check by fixing short terms and rotation in
incumbents; it being known that such course did
operate to minimize official embezzlements.   There
appears no reason why such a precaution should
have been applied only to fiscal officers provided by
the Constitution instead of to all fiscal officer,
whether provided expressly by the Constitution or
allowed by it. With this view of the situation, we
look again to the expression "elected under this Con-
stitution,, to determine what qualification of the pre-
ceding clause was intended by it. There were several
cities in this Commonwealth which would fall under
the allotment of first and second classes of cities in
the classification of cities and towns required by the
Constitution of 1891 when it was adopted. Those
cities then had mayors, as well as treasurers, or other
fiscal officers. Theretofore such officers were not by
the Constitution then in force ineligible for re-elec-
tion. Each city and town had then its own special
charter. The officers provided for each were selected
in different ways, and for different terms, perhaps.
A number of the provisions of the new Constitution
were suspended by it as to the then official incum-
bents. The convention intended to make the inhibi-
tion against re-election of certain municipal officers
apply to those officers who were elected after the
adoption of the present Constitution, and not to all
such officers. It was meant to except mayors and
chief executives and fiscal officers then in office, some
of whom might have been elected only a short while
before.   "Elected under this Constitution" means,
we think, elected since the adoption of this Constitu-
tion. This gives all the words of the section some
meaning, and a consistent one, and one, too, in har-

mony with the evident main purpose in the adoption
of the provision.   We conclude that appellant was
ineligible for re-election.

Getting away from the main   question, appellant
contends that the case was not practiced right.   Ap-
pellee's petition to recover the office from appellant
sets out the former's election at the regular No-
vember election, 1908, and avers that he took the oath
of office and executed the bond required by law before
the city clerk of Paducah, and that the bond was ap-
proved.   He did not allege facts showing his eligi-
bility to the office.   A statute requires that one to be
eligible to the office of city treasurer of a city of the
second class must be at least 25 years of age, and a
resident of the city for three years next preceding
the election.   Section 3131, Ky. St.   One who sues
to recover a public office must show title in himself,
he having the burden of proving every fact essential
to show that he has the title.   Tillman v. Otter, 93
Ky. 604, 20 S. W. 1036, 14 Ky. Law Rep. 586, 29 L.
R. A. 110; Elliott v. Burke, 113 Ky. 483, 68 S. W.
445, 24 Ky. Law Rep. 292; Toney v. Harris, 85 Ky.
464, 3 S. W. 614, 9 Ky. Law Rep. 36.   He must re-
cover upon the strength of his own title, not upon the
weakness of his adversary's.   Nor does the possession
of a certificate of election raise any presumption of
the eligibility of the person to whom issued.   Hoglan
v. Carpenter, 4 Bush, 91.   The canvassing board
merely tabulates and certifies the returns of the elec-
tion.   They neither can nor assume to pass upon
the question of the eligibility of the person voted for.
The officer whose duty it is to administer the oath
of office and to accept the official bond has not the
jurisdiction to inquire into the eligibility of the per-
son presenting himself for qualification.   He must

accept the bond if good, and administer the oath if
the person offering will take it, if the certificate of
the canvassing board shows he has received the
requisite number of votes at an election legally held
to fill that office,·and if the person so elected tenders
himself with the bond within the time prescribed by
law.    Patterson v. Miller, 2  Metc.  497;· Wilson v.
Tye, 122 Ky. 508, 92 S. W. 295, 29 Ky. Law Rep.
71; Id., 102 S. W. 856, 31 Ky. Law Rep. 491.

Appellee's petition did not allege that he was elig-
ible to the office, nor did it allege facts showing that
he was eligible.    Eligibility is a condition precedent
to the right of any one to a public office.    Before he
can recover it from even a usurper, he must show that
he himself is rightfully entitled to it.    To show that
fact, two things must concur: One, that he is eligible;
second, that he has been elected.    One is as essential
as the other.    If he is not eligible, he is not entitled
to the office, even though elected; or, if eligible, he
is not entitled unless elected.    Lacking either, he
would himself be a usurper if he were inducted into
the office.    The law will not lend its aid to one usurper
to oust another.    Appellee suggests in argument that·
the burden is on the defendant to show the ineligi-
bility of the plaintiff; that one who is a lunatic or an
alien, or who has been convicted of a felony, or dis-
franchised by the judgment of a court, cannot hold
a public office; and that all these are matters of
defense.    The law presumes all persons sane.    Hence
the one who claims the contrary has the burden of
showing it.    If one shows he is a citizen of a town,
of 25 years of age, he necessarily shows he is not an
alien.    The disqualification of conviction for felony,
or disfranchisement,·or having done any act vacating
the office, such as engaging in a duel, are matters of

defense.   Morgan v. Vance, 4 Bush, 323; Common-
wealth v. Jones, 10 Bush, 725.   They are in the nature
of exceptions, which need not be anticipated in the
petition of the plaintiff, but must be set up by the
defense as reasons why the plaintiff should not re-
cover in spite of his prima facie right.   In order for
the plaintiff to recover the office from the defendant,
it was necessary for the plaintiff to allege, and, if
issue made, to prove, his eligibility under the stat-
ute, as well as his election.   He failed to either allege
or prove his eligibility, and, as there is no presump-
tion of the fact of eligibility in a direct proceeding
by one to recover an office, the plaintiff must have
failed at that point in his case.

Appellee qualified by executing the bond required
of the city treasurer, before the city clerk.   The city
clerk is a ministerial officer with the limited powers
and duties conferred by statute.   Sections 3133-3136,
Ky. St.   We do not find it in any statute when it is
made his duty to approve the bond of the city treas-
urer.   In section 3136, Ky. St., dealing with the duties
of the clerk, this is stated: "He shall register and
preserve in his office all contracts, bonds, oaths or
affirmations taken or given by city officers or em-
ployes, and may administer such oaths and affirma-
tions."   The bond required of the city treasurer must
be in the penal sum and with surety worth $20,000.
The approval of such a bond is not a perfunctory
matter, nor a clerical duty.   It is executive, and of
great importance, as great as it is to have it executed
at all.   Among the duties of the mayor we find this:
section 3112, Ky. St.: "He shall see that every officer
who is required to give bond has duly given said bond
and qualified before he enters upon the duties of his
office.   If the mayor permit any officer to be without

bond, he shall be responsible for the defaults of the officer as long as the same shall continue.'' The mayor is the chief executive officer of the city. It is argued from that fact and the duty developed specifically by section 3112, supra, that it falls within the scope of his office to approve such bonds, where there is not an express direction that some other officer or body shall approve them. Section 3132, Ky. St., provides that ''the treasurer shall give such bond and receive such salary as the council shall by ordinance provide.'' The ordinance of Paducah merely provides that the treasurer shall execute bond in the sum of $20,000. As it does not provide what officer shall approve it, the council has reserved to itself the power of such approval.

As the record now stands, the bond was not properly approved. But, if the bond be good, it may yet be approved. Appellee had not the right to the office until he had executed bond, approved by the council, and has not the right to it then, unless he shows he was eligible to be elected to it in November, 1908.

For the reasons indicated, the judgment must be reversed, and the cause is remanded for proceedings not inconsistent herewith.