## Baisden v. Floyd County Board of Education et al.

(Decided Nov. 12, 1937.)

(As Modified on Denial of Rehearing Dec. 17, 1937.)

C. B. WHEELER for appellant.

HILL & HOBSON for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Reversing.

Appellant was elected a member of the Floyd County Board of Education at the regular November, 1933 election, for a term of four years. He qualified and took office in January, 1934, served until January 2, 1937, when the board declared his office vacant and appointed Jeff Moles to fill the unexpired term.

On March 24, 1937, appellant filed petition in equity, making the board and its individual members defendants, including Moles, all appellees here. In his petition he alleged that he had been illegally removed because the action of the board was arbitrary, and that his response to the notice to show cause should have been deemed sufficient. To his petition the appellees filed both special and general demurrers, and upon submission the court sustained both. The appellant declined to plead further, and the court over his objection and exception, dismissed his petition.

In the prayer of his petition, appellant asked that the court decree his removal to have been illegal; that defendants be declared usurpers in office, and enjoined from molesting him in the performance of his duties as a board member; and that Moles' appointment be declared illegal. In appellant's brief it is said:

"Other questions are presented by the petition to the effect that the members removing appellant were not legal members but we do not urge this question at this time; we base our appeal upon the sufficiency of the response of appellant."

In view of this statement, we shall confine our review to that single contention; the solution depending solely on whether or not appellant by his response gave sufficient reasons for his absence from three successive meetings of the board. The controversy arises by reason of the board's action of January 2, 1937, under the authority of section 4399-29 Ky. Stats. which provides, with relation to County Boards of Education:

"Any board member failing to attend three consecutive regular meetings, unless excused by the board for reasons satisfactory to it, shall be deemed to have vacated his office of board member."

It is admitted by appellant that for reasons given he failed to attend the meetings of the board on October 3, November 7, and December 5, 1936; that he re-

ceived by registered mail on December 28 a notice to appear on January 2, 1937, "to show cause, if any, you have or can, why you should not be removed as member of the Floyd County Board of Education." The specific charge was failure to attend the three prior successive meetings.

Appellant appeared at the time and place mentioned in the notice, and, after considerable delay in calling the meeting to order, moved for a continuance of the hearing, "because of the lateness of the hour and for want of time to try the case," but his request was denied and appellant then filed his affidavit, which presented his reason or excuse for nonattendance as had been charged, and by counsel declared that "he had no further defense at that time." The affidavit was filed, and the board at once held the offered excuse to be insufficient, declared the office vacant, and proceeded to appoint appellee Moles to fill the vacancy.

After setting out his election, qualifications, and service as a board member, appellant stated that he had attended all meetings of the board, when it was practicable for him to do so. He lived out in the county at Betsy Lane; he was an employee of the Inland Gas Corporation as a meter operator, which employment required him to travel constantly from place to place over a territory covering from 18 to 20 miles, to read and report on meters, to "pull charts," and also to look after pipe lines, "all of which kept him constantly on the job." That during all his service on the board he had endeavored "to get off from work whenever possible to attend board meetings."

The affidavit, filed as a part of the petition, states that prior to September 12, 1936, by order of the board, its regular meetings were held on the second Saturday in each month; that he was present at the regular September meeting, but on account of his employment was compelled to leave before the close of the meeting; that later, and after his leaving, without his knowledge, the former meeting day was changed to the first Saturday of each month. Appellant admits that he did not come to town for any October meeting, but did come in on the second Saturday in November for a meeting, but was informed that no meeting was being held. He again came to town the second Saturday in December for the purpose of meeting with the board, and was then first

advised that the time of the meeting had been changed as aforesaid.

Appellant in his affidavit stated that he in good faith believed the second Saturdays in November and December were the regular meeting dates, as they had theretofore been, and he in good faith appeared on those days for the purpose of attending regular meetings, and that he had never been notified theretofore of the change or attempted change of dates until his appearance on the second Saturday in December. With these allegations admitted as being true, it only becomes necessary for us to determine whether the removal was arbitrary, since that is the only consideration we are allowed in reviewing the action of the board. The limitations on the power of this court on such questions is clearly set out in Meade County Board of Education v. Powell, 254 Ky. 352, 71 S. W. (2d) 638, in which we said that we cannot inquire as to whether the action of a board, such as the appellee here, was politic or impolitic, commendable or uncommendable, wise or otherwise; we are limited to the inquiry as to whether the board acted arbitrarily, corruptly, capriciously; without credible, competent, and relevant evidence; did it transcend its authority; did it act unlawfully, or did it abuse the discretion vested in it? This rule was followed in Hunter v. Board of Education of Floyd County, 265 Ky. 162, 96 S. W. (2d) 265. In the above cases, this court, reviewing the evidence for the sole purpose of determining whether or not the board had acted arbitrarily, held that it had not, mainly on the ground that there was sufficient legal evidence before the body to sustain the preferred charges.

It may be that in declaring the vacancy, the board here came to the conclusion that the record proof of absence and the admission thereof by appellant was sufficient to sustain the charge, because the statute is automatic in effect; it only being necessary for removal to show the absence of a member for three consecutive meetings. The statute may be susceptible of such construction, but we have in a recent opinion given it a broader construction. In Board of Education v. Stevens, 261 Ky. 475, 88 S. W. (2d) 358, in answer to like argument, we said:

"We are unable to accept the view that the statute is self-executing and that Maggard's failure to attend the meetings of the board ipso facto va-

cated his office without some action having been taken by the board. * * * sec. 4399-29 says:

" 'Unless excused by the Board for reason satisfactory to it.' It may be inferred from this language that it was contemplated that the delinquent should be given an opportunity to explain or offer his reasons for his failure to attend the meetings."

While this court cannot question the motives of the board in removing one who is delinquent in his statutory duties (Board of Education v. Stevens, supra), we can and will upon review inquire as to whether the act of the board was arbitrary; we may determine what was right and equitable under the circumstances; whether the act was directed by reason and in good conscience. Brumfield v. Consolidated Coach Corp., 240 Ky. 1, 40 S. W. (2d) 356. In its legal significance, an act is arbitrary when it is done in an arbitrary or capricious way; without adequate determining principle; not founded in the nature of things. King v. Falls County (Tex. Civ. App.) 42 S. W. (2d) 481. When we come to consider the action of the board in removing appellant, we are forced to the conclusion that the removal was not based on sound reason or in the exercise of good judgment; it was neither right nor equitable, since we conclude that the reasons set forth in the affidavit and petition measure up to our idea of "satisfactory" reasons for appellant's nonattendance at the three meetings.

The board, by demurring, admitted that it changed the dates of the meeting at a time when appellant was not present. It admits that he had no notice of this change, and likewise that he, in good faith, came to town for the November and December meetings, and was advised that no meeting was being held; that his first information of meetings to be held on the first Saturday was when he came to the December meeting. It was due appellant, then a member of the board, to have had some notice of the change so that he could at least attempt to conform to the order.

Without attempting further comment, we are constrained to the opinion that the reasons offered by appellant for his failure to attend the meetings were sufficient to excuse him, and that the board's action was arbitrary, and for this reason, and upon this ground

alone, the judgment is reversed, with directions that the order sustaining appellee's demurrer and dismissing the petition be set aside, and an order entered overruling the demurrer filed to the petition and for other proceedings consistent herewith.