# Saylor v. Rockcastle County Board of Education et al.

March 28, 1941.

B. J. Bethurum and Edwin R. Denney for appellant.

Fritz Krueger for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

Alleging that he had been wrongfully removed as a member of the Rockcastle Board of Education, appellant instituted this suit in equity to have the action of the Board adjudged illegal, the Board's appointee to fill the vacancy declared a usurper, and for an injunction enjoining the Board from recognizing its appointee as a member and the latter from molesting appellant in the performance of his duties as a Board member. The ground on which appellant was removed as a member was his failure to attend three consecutive meetings without having been excused by the Board "for reason satisfactory to it." Kentucky Statutes, Section 4399-29. While the testimony clearly establishes that appellant was suffering from serious heart trouble and had been

directed by his physician to refrain from all activities, and that the Board members knew of his illness, it is conclusively established that appellant stated to the Board that he could have attended all except one of the three meetings from which he was absent, but thought it unnecessary because during a previous term of service on the Board, some of the members attended only a few times each year and nothing was ever done about it. It is true that he had sent his wife to attend the three meetings from which he was absent and that the Board had paid him his attendance fee, but it is also undisputed that at the first of the three meetings he had tendered his resignation because of ill health on condition that his son be appointed to fill his place. The Board deferred action on the resignation, and it is claimed by appellant that under the circumstances enumerated, the Board recognized his continued membership, notwithstanding his absence. While seemingly harsh, we are not prepared to say that the action of the Board was arbitrary. Meade County Board of Education v. Powell, 254 Ky. 352, 71 S. W. (2d) 638.

However, it is not necessary for us to decide this question in view of the failure of the appellant to comply with the long-established rule in this State, namely, that an individual seeking to recover an office must allege and prove his eligibility. Wilson v. Tye, 126 Ky. 34, 102 S. W. 856, 31 Ky. Law Rep. 491; Dorain v. Walters, 132 Ky. 54, 116 S. W. 313; Hermann v. Lampe, 175 Ky. 109, 194 S. W. 122; Barton et al. v. Brafford, 264 Ky. 480, 95 S. W. (2d) 6; McClendon et al. v. Hamilton, 277 Ky. 734, 127 S. W. (2d) 605; Callis v. Brown, 283 Ky. 759, 761, 142 S. W. (2d) 675. Conceding the existence of the rule, appellant's counsel argues that it is inapplicable to an action in equity such as the present one. Since title to an office cannot be tried in equity, aided by an injunction (Jenkins v. Congleton, 242 Ky. 46, 45 S. W. (2d) 456), the effect of this argument, if carried to its logical conclusion, would necessarily be a denial of relief on the ground that appellant had pursued an improper remedy.

It is true that appellant alleged that the action of the Board in removing him was arbitrary, and hence, illegal, but he also alleged that the Board had removed him as a member after due notice and trial and had entered an order in its minute book appointing the appel-

lee, Hunt, defendant below, a member of the Board to fill the vacancy, and that Hunt "has now usurped and unlawfully holds and exercises said office and as such pretended member of the Board is and will perform the duties pertaining to said office and receive the office and emoluments thereof to the exclusion and against the rights" of appellant. Moreover, the prayer of the petition was that Hunt "be declared a usurper in office and enjoined from molesting this plaintiff in the performance of this office as a Board member," and that appellant's removal as a member of the Board be adjudged to have been illegal and the appointment of Hunt illegal, and that the Board be enjoined from recognizing Hunt as a member. It is true that appellant did not in specific language pray to be adjudged a member of the Board in lieu of Hunt, but from whatever aspect viewed, it is apparent that the object of the action was to try title to the office and recover possession thereof, and that appellant could not, by adopting a form of action in which the relief sought was not obtainable, escape the necessity of alleging facts essential to the obtention of such relief in a proper action. The eligibility requirements of a member of a County Board of Education are specific and numerous (Kentucky Statutes, Section 4399-22); and appellant wholly failed to allege his possession of any of the required qualifications. True, he had been duly elected to the office, but this essential requisite could avail him nothing unless he was eligible. Dorain v. Walters, supra. The Board had the power to remove him, and had removed him. Kentucky Statutes, Section 4399-29. The Board had the power to fill the vacancy caused by his removal, and had filled it by the appointment of Hunt. Kentucky Statutes, Section 4399-30. The sole charge of illegality in the Board's proceeding was that it had acted arbitrarily in refusing to accept his excuse for his non-attendance. Were this true, it would not follow that appellant was entitled to maintain an action to have it so adjudged in the absence of a showing that he possessed the necessary qualifications to hold the office. The inevitable effect of a judgment in appellant's favor would have been to oust Hunt and reinstate appellant, and the applicable rule is similar to that prevailing in actions in ejectment where the plaintiff must recover, if at all, on the strength of his own title and not upon the weakness of the title of the defendant in possession.

It is unnecessary to set forth the reasons for the prevailing rule as they are fully discussed in the authorities cited. Appellant insists, however, that in the case of Baisden v. Floyd County Board of Education, 270 Ky. 839, 110 S. W. (2d) 671, by directing the overruling of a demurrer to a petition in equity seeking relief similar to that sought in the case at bar, we approved the practice of resorting to a court of equity to obtain such relief. The sole question discussed in the Baisden case was the arbitrariness of the action of the Board in removing him, and no other question was passed upon. Moreover, it appears from the opinion that Baisden alleged his qualifications for, as well as his election to, the office of Board member, and hence, the decision in the Baisden case furnishes no authority in support of appellant's contention that it was unnecessary for him to allege his qualifications in the present case. Neither does it support appellant's claim that the action of the Board in removing him was arbitrary, since the decision was predicated upon an entirely different state of facts.

Judgment affirmed.