# Board of Education of Martin County et al. v. Cassell.

May 10, 1949.

Jasper Preece, J. B. Clark and Wheeler & Wheeler for appellants.
Joe P. Hobson for appellee.

OPINION OF THE COURT BY JUDGE KNIGHT—Affirming.

Edgar Cassell, appellee herein, was duly elected for a four year term as a member of the Board of Education of Martin County, hereinafter called the Board, from division No. 3 of that county on November 2, 1948, and

was issued his certificate as such on November 12, 1948, by the Board of Election Commissioners of that county. On January 3, 1949, he was sworn in and thereby became a member of the Board and participated in its meeting held on that day. On February 5, 1949, at a regular meeting, the Board, acting through a majority of its members, upon the advice and recommendation of J. M. Johnson, Superintendent of Martin County Schools, entered an order wh'ch said in substance that appellee, having completed only the fifth grade in common school, was not legally qualified for membership on the Board under KRS 160.180. It declared a vacancy existed in the Board because appellee is unable to qualify for the office and would not thereafter be recognized as a member of the Board.

Shortly after this action was taken, appellee filed this suit in equity to enjoin the Board and the County Superintendent, appellants herein, from interfering with him in the discharge of his duties as a member of the Board or from nam'ng any other person as a member of the Board in his place. A temporary restraining order was granted by the clerk.

To this petition appellants filed a demurrer and at the same time, without waiving their demurrer, filed their answer and counterclaim. In th's answer appellants admit that appellee was duly elected and sworn in as a member of the Board as alleged in the petition but by way of counterclaim they allege that neither at the time of his election nor at the time the oath of office was administered to appellee did he possess nor does he now possess the qualifications of a Board member as required by KRS 160.180, in that he had not completed the eighth grade in school nor had he filed with the Board an affidavit from any teacher showing he has an equivalent of an eighth grade education under the rules and regulations of the State Board of Education, that he did not possess the necessary qualifications on February 5, 1949, when appellants refused to recognize him and declared the office vacant. They pray that he be enjoined from acting or attempting to act as a member of the Board.

Appellee filed a demurrer to this answer and counterclaim.

On February 26, 1949, in the lower court appellants filed a motion to dissolve the temporary injunction which had been granted by the clerk, and on the same day appellee filed a motion for a temporary injunction to enjoin appellants from interfering with appellee in the discharge of his duties as a member of the Board and from attempting to name any other person as a member of said Board in his place.

The case was submitted on the pleadings and exhibits and on all pending motions and demurrers, and on February 26, 1949, a judgment was entered overruling appellants' demurrer to the petition and sustaining appellee's demurrer to the answer and counterclaim. Appellants declining to plead further, they were enjoined from interfering with appellee in the discharge of his duties as a member of the Board and from naming any other person as a member in his place. Appellants' motion to dissolve the temporary restraining order issued by the clerk was also overruled. In this judgment appellants were given twenty days to apply to the Court of Appeals for dissolution and revision of this judgment granting an injunction. Appellants were also granted an appeal from this judgment as a whole.

## The Question Involved

Only two questions are involved, the first being merely one of appellate procedure. Appellee contends that no appeal is involved here as no appeal has been perfected by appellants because the state tax on the purported appeal has not been paid and the appeal has never been docketed in this court, hence defendants' motion for a dissolution of the injunction granted by the lower court must be treated as made before a Judge of the Court of Appeals and not before the Court of Appeals. In this contention appellee is in error. It is true that at first appellants did, upon notice to appellee, and within the twenty day period, file with the Chief Justice of this court a motion to dissolve the injunction granted by the lower court and filed therewith a transcript of the record. No tax was required for this. Later appellants paid the tax and filed as a transcript of the record on the merits the transcript which they had filed on the motion to dissolve the injunction. Since the judgment of the lower court gave appellants twenty

days to apply to this court for a dissolution of the injunction and also gave them a general appeal from the judgment, we conclude that we have before us a complete appeal on the merits of the case and we shall so treat it.

Coming now to the merits of the case the sole question involved is this: Can a county board of education declare vacant the seat of a member of that board, who has been duly elected and qualified, on the ground that the member does not possess some qualification for membership required by KRS 160.180?

This court has definitely answered that question adversely to the contention of appellants in the case of Oakes v. Remines, 273 Ky. 750, 117 S. W. 2d 948, 951. That case is on all fours with the case at bar except that, in that case, after the board removed Oakes, it appointed in his stead a man named Remines, whereas in the present case the Board removed appellee Cassell with the intention of replacing him but before it could do so this injunction suit was filed to prevent its intended action. In the Oakes case the suit was brought by Remines, the appointee of the board, against Oakes to quiet his title to the office and to enjoin Oakes from interfering with him in the performance of his duties while in the present case the suit was brought by Cassell, a member of the Board, to prevent his removal and the appointment of his successor. The principle is the same, however, and both involve exactly the same question, the power of a county board of education to remove a member because he lacks the educational qualifications for membership. In the Oakes case the county board of education was in a stronger position than is the Board in the present case because in that case the board had adopted a rule or regulation of its own which provided that a member-elect of the board would not be permitted to qualify until he first convinced a majority of the board, by documentary evidence filed with it, that he possessed the educational qualifications required by the statute. The Board in the present case had no such regulation, at least, it is not so shown in this record. In denying Rem'nes title to the office and upholding Oakes' title thereto, this court said:

"We are, for such reason, of the opinion that the

contention of appellee, that the taking and filing by appellant of the oaths as stated, supra, was not sufficient for qualifying and inducting him into office, is not meritorious, in that there is no statutory provision or any rule of this court construing this section of the statute as by implication requiring, as a legal condition for qualifying for the office, that the member elect should first tender and submit to the board documentary evidence of his possession of the required educational qualification, sufficient to establish same to the satisfaction of the board. Rather, it is our conclusion as to this that the contention of appellant is to be sustained; that when he took these oaths of office and filed them with the Board of Education on the first Monday of January, 1938, that being the first meeting of the board at which appellant's term began, he thereby legally qualified and did all that the law required him to do for becoming legally inducted into office. We conceive, also, that the judgment of the court was further erroneous in respect to its holding that 'it was mandatory that Oakes comply with subsection 22 within a reasonable time after his election and before he qualified and having failed to do so before February 5, 1938, the board was justified in declaring a vacancy to exist, under the authority of Brown v. Rose, 233 Ky. 549, 26 S. W. 2d 503, without notice.' We do not find where the statute confers any such discretionary power upon the Board of Education, to declare vacant the office of a member elect when in its judgment he has failed to qualify and to present evidence of his educational qualification to the board for what it considered an unreasonable length of time."

In their lengthy brief attorneys for appellant cite, discuss and quote extensively from more than twenty cases, none of which are in po'nt or touch the question here involved even though most of them do treat of the general subject of right to membership on a board of education. Most of the cases cited are those brought by the attorney general of the state who is the proper authority for the prosecution of such suits or by his authority under proper quo warranto proceedings. Typical of such cases are Commonwealth v. Mullins, 286 Ky. 242, 150 S. W. 2d 668, and Commonwealth v. Norfleet, 272 Ky. 800, 115 S. W. 2d 353. Many cases cited were between individuals both of whom claimed title to the

office. One case, Saylor v. Rockcastle County Board of Education, 286 Ky. 63, 149 S. W. 2d 770, was one in which the member had been removed by the board for his failure to attend three consecutive meetings as it was authorized to do under KRS 160.270. In all of these cases it was held that an individual seeking to recover his office or to retain title thereto when proceedings were brought to oust him by proper authorities must prove his eligibility. Here we have a case in which a member who has been duly elected and has qualified by taking the oath of office and who is being ousted from his office by a board which has no authority to do so on the ground on which it attempted to exercise that authority. It is therefore not necessary for appellee to allege and prove that he has the necessary educational qualifications, in a suit to enjoin appellants from proceeding with their unauthorized action, as contended by appellants.

Appellants seem to have the idea that after an individual is elected to membership on a board of education and has qualified by taking the oath of office, he then must further qualify by filing within a reasonable time with the board further evidence of his qualifications under the statute, KRS 160.180. In support of this they cite and rely on such cases as Brown v. Rose, 233 Ky. 549, 26 S. W. 2d 503. That case simply held that where a member was elected to fill a vacancy in a county board of education he must qualify as such member by taking the oath of office and assuming his duties within a reasonable time. In that case this court held that thirty days was a reasonable time for the member elect to qualify. But the qualification referred to in that case is the qualification by taking the oath of office and assuming his duties. It has no application whatever to his statutory qualifications to hold the office as are set out in KRS 160.180, as appellants seem to think.

## Conclusions

Appellants, the Board, had no legal authority to declare appellee's office vacant because they were of the opinion that he did not have sufficient educational qualifications. Appellee is a state officer, duly elected, and if he is to be removed for the reason given, it must be done under proper proceedings by the Commonwealth

280

on relation of the attorney general or under his authority. It might be well for boards of education to be given this power as it has been given the power to remove a member for failure to attend three successive meetings of the board without satisfactory excuse. KRS 160.270; Saylor v. Rockcastle County Board of Education, supra. But the Legislature has not given boards such authority. As was suggested by this court in the Oakes-Remines case, supra, it might be well to require by statute that one announcing himself as a candidate for membership on a board of education should submit therewith documentary evidence of his educational qualifications. Or it might be well to provide that one elected to board membership shall within thirty days after taking the oath of office file with the board documentary evidence of his educational qualifications and that upon his failure or inability so to do his office should be declared vacant. Unless or until some legislation of this character is enacted, the present hit or miss system which has given rise to so much litigation on this subject will continue.

Since appellants were without authority to remove appellee on the ground on which they did attempt to remove him, the judgment of the lower court enjoining them from so doing is affirmed.

Judgment affirmed.