COMMONWEALTH of Kentucky ex rel. J. D. BUCKMAN, the Attorney General, Appellant,

v.

H. C. MASON et al., Appellees.

Court of Appeals of Kentucky.

Dec. 9, 1955.

Rose & Short, Buford A. Short, Beatty-ville, for appellant.

Shumate & Shumate, Irvine, for appel-lees.

CAMMACK, Judge.

This is an appeal from a judgment which recognized H. C. Mason and Paul Peters, the appellees, as lawful members of the Owsley County Board of Education, and which refused to oust them from the Board. The action was instituted by the Commonwealth of Kentucky, upon the relation of the Attorney General, to oust the appellees from office and to enjoin their further usurpation of the offices which, allegedly, were occupied by Steve Gabbard and Elmer Edwards as duly elected members of the Board.

In the trial court, the action was consolidated with an injunction action filed by Edwards and Gabbard to enjoin Mason and Peters from interfering with the positions to which the former two had been duly elected. The evidence introduced at the trial was considered in both cases and the judgment denied the relief sought in both

actions. No appeal was taken from the judgment in the injunction action; .therefore only the Commonwealth action is before us on this appeal.

Edwards and Gabbard claim membership on the Board by virtue of the remainder of the terms for which they were elected in January, 1953. Mason and Peters contend that they are the lawful occupants of those positions because they were appointed by the Board to fill vacancies allegedly existing in the offices to which Edwards and Gabbard had been elected. The appointments were made by the Board on July 5, 1954, at its regular July meeting. The Board acted on a report by Pleas Turner, Superintendent of the Owsley County Schools and Secretary of the Board. This report found that Edwards and Gabbard had failed to attend three consecutive regular meetings of the Board, without excuse; and therefore, under KRS 160.270, should be deemed to have vacated their offices. That section so provides. Three members voted in favor of the appointments, while Edwards and Gabbard voted against them.

The trial court refused to oust Mason and Peters from the Board. No specific findings of fact were entered but the judgment was presumably based upon a finding that Edwards and Gabbard had failed to attend three consecutive regular meetings and the vacancies thereafter declared had been filled by valid appointments of the Board. The appellant contends that (1) no vacancies existed because Edwards and Gabbard actually attended the first of the three meetings they were charged with missing; (2) the last of the three meetings was not a "regular" meeting of the Board and therefore, even if the two preceding meetings were not attended by Edwards and Gabbard, KRS 160.270 would not authorize a declaration that their offices were vacated; and (3) in any event, the vacancies were not filled validly since one of the three votes constituting the majority necessary to sustain the appointments had been cast by a member who had automatically vacated his office by previously filing as a candidate for nomination for a political office.

The appellees have filed a motion to dismiss the appeal as being moot. In support of the motion they have filed a copy of the minutes of the April 4, 1955 meeting of the Board, revealing that on that date the Board (again) appointed Peters and Mason to membership thereon. There is no showing that the second appointments were made properly. Nowhere is it shown that vacancies existed on the Board due to subsequent unexcused absences or otherwise. Hence, we consider only the validity of the original appointments. The motion to dismiss the appeal as being moot is overruled.

The appellees next contend that the appeal should be dismissed because the Attorney General has no authority to bring this action. They contend that he has no authority to institute actions to oust school board members filling vacancies allegedly created under KRS 160.270; but concede that he can bring actions to oust members who do not meet the qualifications required by KRS 160.180. The distinction which the appellees draw between the two types of ouster proceedings finds no support in the language of the statute. KRS 415.050 provides that the Attorney General shall bring actions for usurpation of "other than county offices or franchises." Hence, in deciding whether the Attorney General has authority to bring ouster proceedings for usurpation of a public office, it is the governmental level of the office, rather than the nature of the usurpation for which ouster is sought, which is controlling. On many occasions, we have held that county school board members are state officers. See Board of Education of Martin County v. Cassell, 310 Ky. 274, 220 S.W.2d 552; Phelps v. Witt, 304 Ky. 473, 201 S.W.2d 4; Ward v. Siler, 272 Ky. 424, 114 S.W.2d 516. Therefore, it is clear that usurpation of the office is to be attacked through actions brought by the Attorney General under KRS 415.050.

828

■ The appellant's contention that the first of the three consecutive meetings was attended by Edwards and Gabbard is supported by the record. That meeting was held on May 3, 1954, at the Superintendent's office. The minutes do not list Edwards or Gabbard among those present. However, the body of the minutes reveals that while a motion was before the Board to approve the minutes of the last preceding meeting, Edwards moved that the meeting be adjourned to the courthouse. His motion was ruled out of order, whether properly or improperly, we do not decide, and he and Gabbard then left the room.

Edwards and Gabbard contended at the trial that they participated in the meeting of May 3 to a greater degree than is shown by the minutes. They testified that they voted against approval of the minutes after their previous motion to change the minutes had been ruled out of order. The testimony for the appellees tends to show that the only participation in the meeting by Edwards and Gabbard was the motion to adjourn to the courthouse. Under either view of the evidence, we cannot conclude that they failed to attend the meeting. KRS 160.270, in providing that an office shall be deemed vacant if a member fails to attend three consecutive regular meetings without excuse, contemplates that type of inaction revealing an intention to abandon the duties of the office. Certainly the minutes of the May 3 meeting do not reveal such a course of conduct on the part of Edwards and Gabbard. Since that meeting was one of the three which they allegedly failed to attend, the Board could not properly declare their offices vacant. Therefore Mason and Peters, as appointees to the positions lawfully held by Edwards and Gabbard, are usurpers of the offices and this action by the Attorney General should have been sustained against them.

■ In view of our decision on the foregoing issue, it is unnecessary to discuss the other points which the appellant raises on this appeal, other than to point out that under KRS 160.180, the office of a county school board member is vacated automatically upon his becoming a candidate for nomination or election to any civil or political office. See Craft v. Hall, Ky., 275 S.W.2d 410.

The judgment is reversed with directions to enter a judgment consistent with this opinion.