**COMMONWEALTH of Kentucky, ex rel. J. D. BUCKMAN, Jr., the Attorney General, Appellant,**

v.

**H. C. MASON et al., Appellees.**

Court of Appeals of Kentucky.

March 15, 1957.

Rose & Short, Beattyville, for appellant.

Shumate & Shumate, Irvine, for appellees.

CAMMACK, Judge.

This is the second appeal in this case. The action was originally one in the nature

of quo warranto, and was brought by the Attorney General to oust H. C. Mason and Paul Peters from their offices on the Owsley County Board of Education, and to enjoin their further usurpation of the offices. The action was consolidated by the trial judge with an injunction action filed by Steve Gabbard and Elmer Edwards to enjoin Mason and Peters from interfering with their occupancy of the offices to which they had been duly elected for four year terms beginning in January, 1953. The trial judge denied relief in both actions. The Commonwealth alone appealed. We decided that the appointments of Mason and Peters by the Board on July 5, 1954, were invalid, and that they were usurpers of the offices lawfully held *at that time* by Edwards and Gabbard. Commonwealth ex rel. Buckman v. Mason, Ky., 284 S.W.2d 825. The validity of subsequent appointments was not properly before this Court and was not considered.

On remand of the case, a judgment was entered enjoining Mason and Peters from acting as members of the Board by virtue of the illegal appointments of July 5, 1954, but the validity of later appointments was not passed upon. The Commonwealth is now appealing from the final judgment of the trial court, as entered on remand, and from an order overruling its motion to amend that judgment.

The Commonwealth seeks to have the judgment recite that Mason and Peters were ousted from the Board, without regard to appointments subsequent to the one of July 5, 1954, and that Gabbard and Edwards were legal members of the Board, and entitled to recognition as such. The common law writ of quo warranto was abolished by CR 81, but relief is obtainable in a civil action showing a right to relief of this nature. Principles governing actions of this character are not altered by CR 81. See Clay, CR 81. In the absence of a statute enlarging the powers of the common law writ of quo warranto, or of its equivalent in the Civil Rules, the relief obtainable is only the ouster of the usurper where the action is brought by the Commonwealth. 44 Am.Jur., Quo Warranto, section 119. Since Edwards and Gabbard did not appeal from the judgment of the lower court, they are bound by it. The Commonwealth could not put in issue any rights to the offices, other than those of Mason and Peters. The judgment was properly limited to the determination of the rights of Mason and Peters under the attempted appointment of July 5, 1954.

Judgment affirmed.