## Meglemery v. Weissinger, et al.

(Decided October 20, 1910.)

### Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

1. Fiscal Courts—Appointment to Office by.—The fiscal court has no power to appoint one of its members to any office, place or po-

sition. And the fact that the appointment is made a few days before the member assumes the duties of his office, and that the services to be performed, as well as the compensation to be allowed, will be under the control of a new fiscal court, of which he is not a member, does not change this rule.

2.  Bridge Commissioner.—The fiscal court may at any time remove a bridge commissioner appointed under authority of sections 4329 and 4330 of the Kentucky Statutes, and appoint another in his place.

3.  Void Appointment Cannot Be Ratified.—A void appointment made by the fiscal court cannot be ratified by the subsequent acts of the court.

W. W. DAVIES and R. L. PAGE for appellant.

A. SCOTT BULLITT, County Attorney, JOHN L. SULLIVAN, Assistant Co. Attorney, KOHN, BAIRD, SLOSS & KOHN, for appellees.'

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

On December 31st, 1909, the appellant Meglemery was a magistrate and member of the Jefferson county fiscal court, and on that day he was appointed by the court as bridge commissioner, under the authority conferred upon the fiscal court by sections 4329 and 4330 of the Kentucky Statutes, to superintend the construction of a bridge between Hardin and Jefferson counties. Meglemery's term as magistrate and member of the fiscal court expired on January 2, 1910. On April 5, 1910, the fiscal court as then constituted removed him and appointed Charles F. Taylor in his place. After this action was taken, Meglemery brought this suit against the members of the fiscal court and Taylor, and for relief asked that the action of the court in removing him and appointing Taylor in his place be declared null and void, and that Taylor and the fiscal court be enjoined from interfering with him in the performance of his duties as bridge commissioner. To this petition a general demurrer was sustained, and declining to plead further, he prosecutes this appeal.

As Meglemery was on December 31st, 1909, a member of the body that appointed him to fill this place, the appointment was void for reasons of public policy that are both sound and sufficient. And so we have held that in cases like this the fiscal court cannot appoint one of its members to a place that carries with it duties and compensation. Milliken v. Gillum, 135 Ky. 280. Nor does the fact that his term expired within a few days after his appointment, or the fact that his duties would be pre-

scribed and his compensation allowed by a body of which he was not a member, or the fact that he was not present with the court when his appointment was made, have the effect of changing this salutary rule. The fact that the power to fix and regulate the duties and compensation of the appointee is lodged in the body of which he is a member, is one but not the only reason why it is against public policy to permit such a body charged with the performance of public duties to appoint one of its members to an office or place of trust and responsibility. It is of the highest importance that municipal and other bodies of public servants should be free from every kind of personal influence in making appointments that carry with them services to which the public are entitled and compensation that the public must pay. And this freedom cannot in its full and fair sense be secured when the appointee is a member of the body and has the close opportunity his association and relations afford, to place the other members under obligations that they may feel obliged to repay. Few persons are altogether exempt from the influence that intimate business relations enable associates to obtain, and few strong enough to put aside personal considerations in dispensing public favors. And it is out of regard for this human sentiment and weakness, and the fear that the public interest will not be so well protected if appointing bodies are not required to go outside their membership in the selection of public servants, that the rule announced has been adopted, and ought to be strictly applied.

But counsel for appellant insists that although it should be held that the appointment of Meglemery was void, it was ratified by the fiscal court that came into office in January, 1910, and recognized him as bridge commissioner. But if his appointment was void, the mere recognition by the succeeding court did not have the effect of imparting validity to it. A void appointment cannot be validated by either recognition or ratification. Mechem on Public Officers, sec. 531. There must be a new appointment. It may be conceded that so far as the rights of the public are concerned, Meglemery would be treated as an officer de facto, and that his acts as such would be binding. That question, however, is not before us. No act of the court as organized in January, 1910, less than an actual appointment, would be sufficient to confer upon Meglemery the office that he claims; and it is not contended that he was appointed by the new

court. If, however, we assume for the sake of the argument that Meglemery's appointment was valid, the fiscal court had the power at any time to remove him and appoint another in his place. The principle that removals cannot be made without cause shown or until the person removed has notice and hearing, has no application to such position or place as commissioner to superintend the erection of bridges. No term is fixed for the office, and it may be filled at any time by the appointing power. A question in all respects like this was before the court in Campbell County v. Trapp, 113 Ky., 119, and it was there held that the fiscal court had the power of removal at any time without notice, hearing or cause.

Wherefore, the judgment of the lower court is affirmed.