### Craft, Mayor, et al. v. Richie.

(Decided October 2, 1928.)

### Appeal from Perry Circuit Court.

Municipal Corporations.—Order of city council, appointing policemen and fixing salaries without enactment of ordinance, held void, under Ky. Stats., sec. 3492, relative to cities of fourth class, which requires that the number, grades, and regulations of police force to be appointed by council shall be provided by ordinance; enactment of ordinance being condition to appointment under statute.

J. K. POLK TURNER for appellants.

W. A. STANFILL for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

On December 5, 1927, the city council of the city of Hazard, a city of the fourth class, entered upon its records the following order:

"Motion by Robert Cooksey that three policemen employed for the ensuing term of two years,

seconded by Alex B. Combs, and the vote, being called, resulted as follows: (Then follows the yea and nay vote with the memoranda that the motion was carried)."

On the same date the following order was entered on the records:

"Motion by Alex B. Combs that the salary of each of the three policemen be fixed at $150 per month. Seconded by T. R. Turner, and the vote, being called, resulted as follows: (Then follows the yea and nay vote showing that the motion was carried.)"

At the same meeting of the council an election for policemen was held which resulted in the election of D. K. Richie, the appellee, and two others. On December 31, 1927, Richie qualified as policeman and entered upon the discharge of his duties the next day, and so continued in the discharge of his duties until June 1, 1928. On May 7, 1928, the following order was entered on the records:

"Motion by J. B. Combs that policeman D. K. Richie be laid off effective June 1, 1928, seconded by T. R. Turner, and the vote, being called, resulted as follows: (Then follows the yea and nay vote showing that the motion was carried.)"

The appellee claiming that the order laying him off was void, instituted this action to compel the mayor and city council to recognize him as a policeman, and to allow him to continue in the discharge of his duties.

An answer was filed controverting the material allegations of the petition. Two defenses are relied on—one that the orders fixing the number of policemen and the salary and employing them were invalid because the things attempted in the orders should have been done by ordinance; and the other that the city council had no authority to employ the policemen, because in doing so it contracted an indebtedness in excess of the income and revenue of the city for that fiscal year. It is alleged that the city council did not know the financial condition of the city at the time of the employment, and that thereafter it discovered that it could not operate the government in accordance with its plans on account of lack of funds, and that it was for that reason that it laid off Policeman Richie.

We shall not enter into a discussion of the second ground relied on as a defense, further than to call attention to the fact that the cases of Hopkins County v. St. Bernard Coal Co., 114 Ky. 153, 70 S. W. 289, 24 Ky. Law Rep. 942, and O'Bryan v. City of Owensboro, 113 Ky. 680, 68 S. W. 858, 69 S. W. 800, 24 Ky. Law Rep. 469, 24 Ky. Law Rep. 645, wherein it was held that necessary governmental expenses should not be treated as debts against the city within the meaning of section 157 of the Constitution, were overruled to that extent by the opinion in the case of Nelson County v. McCrocklin, 175 Ky. 199, 194 S. W. 323. We will not pass on the question as to whether the defense sought to be interposed by the city, that the employment of the policemen was void because the payment of their salaries would cause the city to exceed its income and revenues for that year, is available to it in this case, as the city is entitled to a judgment in its favor on the first ground of defense relied on.

It is insisted by the city that the orders copied herein are invalid, for the reason that the subject-matter should have been embodied in an ordinance. Section 3492, Ky. Stats., is a part of the charter of cities of the fourth class. It reads as follows:

> "The board of council shall have power to appoint a police force, the number, grades and all regulations thereof to be provided by ordinance from time to time, whose term of office shall not exceed two years from the date of election, subject to removal for cause."

It is not contended that the city council prescribed the number, grades, and regulations by ordinance, and, if it should be held that the appointment of a police force may be made without an ordinance, yet an ordinance must have been enacted as provided by this section before an appointment may be made. In the recent case of Russell v. Bell, 224 Ky. 298, 6 S. W. (2d) 236, this court approved the doctrine announced in the case of City of Louisville v. Parsons, 150 Ky. 420, 150 S. W. 498, in which case it was held that, where the charter provisions of a city provided that legislation should be enacted by an ordinance, the provision in the charter is mandatory. It is true the charter of a city of the first class was under consideration in that case, but, if the provisions are substantially the same which require certain things to be done by ordinance in the respective charters of cities of

different classes there is no reason why it should not be held that such provisions are mandatory, as they relate to cities of the lesser classes. It is unnecessary to go into the reasons why such things should be done by ordinance. It is sufficient to say that the General Assembly has required it.

The demurrer to the petition should have been sustained.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.