## Crail v. Board of Councilmen of City of Dayton et al.

(Decided October 18, 1929.)

W. H. NEWELL for appellant.

OSCAR FORSTER for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

On December 19, 1927, the appellant was appointed by the appellees, the mayor and board of councilmen of the city of Dayton, a municipality of the fourth class, a policeman of that city for a term of two years beginning January 1, 1928. On January 16, 1928, he was notified by the chief of police that he had been dismissed from the police force by the appellees. On February 25, 1928, he filed this suit asking that a writ of mandamus issue

against the appellees to compel them to reinstate him as a city patrolman. The appellees resisted the appellant's application on the ground that the appellant had never executed the bond required by section 3497 of the Kentucky Statutes. The case having been submitted to the court on the pleadings and proof, it declined to issue the writ of mandamus and dismissed the appellant's petition. From that judgment he appeals.

The evidence shows without dispute that the appellant has never executed the bond required by section 3497 of the Kentucky Statutes, which reads: ''Every policeman before he enters upon the duties of his office, shall give bond, with approved surety, before the mayor, to the commonwealth of Kentucky, in the sum of one thousand dollars ($1,000.00), for the faithful performance of the duties of his office; and for any unlawful arrest, or unnecessary or cruel beating or assault in making an arrest, he and his bondsmen shall be liable to the person so injured on said bond.''

As the statute itself provides that the policeman shall not enter upon the duties of his office until he gives bond with approved surety, it follows that appellant is not entitled to a writ of mandamus to restore him to the police force until he tenders to the appellees the bond required by this section.

The judgment of the lower court is therefore affirmed.