## Gamm v. City of Covington et al.

(Decided December 19, 1930.)

STEPHENS L. BLAKELY for appellant.

RALPH RICH for appellees.

OPINION OF THE COURT BY COMMISSIONER STANLEY—
Reversing.·

The appellant, Joseph Gamm, by this action, sought to have the court direct that the civil service examiners of the city of Covington certify his name to the mayor and commissioners as eligible for appointment as a city fireman, and to have the latter officers so name him. He further asks a declaration of his rights. A demurrer being sustained to his petition and it being dismissed, he appeals and asks that such a judgment be ordered by this court.

Sections 3138-2 and 3138-3 of the Statutes, provide for the establishment and operation of the civil service plan of examining and appointing members of the police and fire departments of cities of the second class. Pursuant to that authority, a comprehensive ordinance exists providing for a board of examiners and for the holding of tests or examinations of applicants tending to disclose their qualifications, including adaptability, general intelligence, and fitness. Specific subjects and elements or conditions are set up. Section 5 of that ordinance is as follows:

"The Board of Examiners shall grade each applicant examined, on each subject, and no applicant shall be placed on an eligible list unless he shall have received a general average of not less than 75 out of a possible 100.

"The Board of Examiners shall place all applicants examined for positions on the Police Force and for positions on the Fire Department, who have successfully passed the examination as provided for herein, on separate eligible lists, and shall certify same to the Board of Commissioners of the City of Covington, in manner provided in Section 2 hereof, and no person shall be appointed to a position on the Police Force or on the Fire Department by the Board of Commissioners except from the eligible list certified by said Board of Examiners."

Another section requires that the examiners shall make semiannual reports of the examinations held by them to the commissioners, giving all information they may deem proper to impart, and to place at the disposal of the commissioners "all applications, recommendations and all other information pertaining to the fitness and

qualifications of the applicants examined and placed on the eligible lists." It is further provided in that section:

"The Board of Commissioners in making appointments from the eligible lists, shall appoint the person having the highest general average unless the person having the highest general average is morally or physically unfit to hold such position, in which event the person morally and physically fit to hold such position having the next highest general average shall be appointed."

When a vacancy exists, it is directed that:

"The Board of Examiners shall appoint a person to fill such vacancy from the eligible list having the highest average as hereinbefore provided."

In his petition the plaintiff set up the ordinance and alleged that he had taken the examination provided for therein, and stated affirmatively and with particularity that he possessed the respective qualifications demanded and specifically negatived possession of infirmatives and disqualifications which would make him ineligible. He further alleged that he had made a general average of 76½ on an examination taken before the civil service board. He set out as being in full the report made by that board to the city commissioners, which consisted of three colums containing the names of persons examined, the "mental average," and "physical condition." The appellant's name was third on the list and his "mental average" given as 76½; but under the caption "Physical Condition," appears the word "insubordination." Charging that this report was unauthorized, the plaintiff alleged his right to have the board of exaniners correctly certify the result of his examination, and averred that he should be reported in good physical condition, which certification the examiners were refusing to make.

The plaintiff further averred that since so taking the examination, and thereby establishing his qualification and eligibility, the city commissioners had appointed another person having a lower grade than he to a place as fireman, to which appointment he was entitled under the statute and ordinance; and that the mayor and commissioners had refused and were refusing so to appoint him. He prayed for an order directing them to appoint him to a place as fireman.

It is clear from the allegations of the petition that the board of examiners has not complied with the terms of the ordinance in making a report to the city commissioners of the results of the appellant's examination. He has the right to have that mandatory ministerial duty performed. 5 R. C. L. 616; Cain v. Burroughs Adding Machine Company, 180 Ky. 567, 203 S. W. 315; Fiscal Court of Cumberland County v. Board of Education, 191 Ky. 263, 230 S. W. 57. The board of commissioners is an executive or administrative body in so far as their duties are concerned in making the appointments. under the provisions of the ordinance. 43 C. J. 608. Within the terms of the statute and ordinance, prescribing qualifications of applicants for appointments, they may exercise a reasonable discretion. In the absence of a disclosure of arbitrary and unreasonable abuse of that discretion, the courts may not interfere. Crawford v. Lewis, 170 Ky. 589, 186 S. W. 492; Commonwealth v. Bullock, 178 Ky. 729, 200 S. W. 45. There was no report made to them respecting the appellant's qualifications as is required, and a mandatory order will not be granted in anticipation of an omission of duty. Scott v. Singleton, 171 Ky. 117, 188 S. W. 302. The plaintiff was not entitled to the relief sought against that body.

The judgment dismissing plaintiff's petition is reversed, with directions to overrule the demurrer to so much of it as relates to his right to have the board of examiners make a report in conformity with the ordinance of the result of the plaintiff's examination. He is not entitled, however, under his pleading to any relief against the board of commissioners.

Judgment reversed.