## Rosser v. City Of Russellville et al.

January 30, 1948.

E. J. Felts, Judge.

J. Granville Clark for appellant.

James C. Lyne for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The City Board of Councilmen of Russellville, Kentucky, on July 2, 1946, appointed the appellant as a night policeman for the city for a period ending December 31, 1947. The appointment was made to fill a va-

cancy produced by the resignation of a former policeman whose term expired on the last date above mentioned.

On April 21, 1947, the same board unanimously passed a resolution dismissing appellant from the service on the stated ground that he "has been guilty of insubordination and conduct unbecoming an officer, and his services as a policeman are unsatisfactory, and the same constitutes cause for his removal as such." No notice for such contemplated action on the part of the board, or of any specific complaint of appellant's conduct, as a basis for the preferred charges against him in that resolution, was given to him and it was passed without knowledge on his part that the board contemplated doing so.

On May 13, 1947, appellant filed this action in the Logan circuit court against the city, its mayor, the members of the board of councilmen and other officers of the city, by which he sought a mandatory order reinstating him to the position from which he had been discharged, on the ground that no legal cause existed therefor, and the board of councilmen failed to give him reasonable notice of its intention to dismiss him so that he might appear and be heard. The court sustained a demurrer to the petition, following which appellant filed an amended petition in which he alleged: "That at the time of his appointment as night policeman of the City of Russellville, Kentucky, on the second (2d) day of July, 1946, he possessed all of the qualifications to be eligible to hold the office of night policeman in the City of Russellville, Kentucky, as prescribed in Section 132 of the ordinance as set out in the original petition which established the police department in the City of Russellville, Kentucky, and Section 95.710 of KRS."

The court sustained a demurrer filed by defendants to the petition as so amended, followed by its dismissal and denying and overruling plaintiff's motion for a writ of mandamus upon his failing to plead further, and from that judgment he prosecutes this appeal.

Section 95.700, KRS, prescribes, inter alia, that "the city legislative body in cities of the fourth and fifth classes may, by ordinance, establish a police department, appoint its members, and provide for their

number, grades, compensation and regulation." It also fixes the term of the appointee to not exceed two years. The next section, 95.710, with reference to the same classified cities, prescribes eligibility requirements to be possessed by the appointee, which are, that he "must be a citizen of the state, a resident of the county for at least six months, at least twenty-four years of age, able to read and write the English language intelligibly, and sober, moral and sagacious."

The ordinance establishing the Police Department of the City of Russellville, in its section 132 says:

"No person shall be eligible as a policeman who is not at the time of his appointment a citizen of the State of Kentucky, a resident of the City for at least six months, at least 24 years of age, or who is not moral, sober and sagacious, or who has been convicted of a felony, or who cannot read and write the English language intelligently, or who shall, after his election or while a member of the police force, interfere in an election further than to vote."

Both the statute relating to cities of the fourth class, as well as the ordinance of the city of Russellville, prescribed that no removal of the appointee shall be made without cause which, of course, means, as has been said many times by this court, to be a legal cause. The only difference between the ordinance and the applicable statute with reference to qualifications is that the statute says that the appointee must be a resident of the *county,* while the ordinance says that he must be a resident of the *city.*

Counsel for the city in support of the judgment appealed from presents only two grounds therefor, which he contends require its affirmance. They are, (1) because the appointment of appellant as night policeman for the city of Russellville was not made by an *ordinance* which counsel insists was necessary to make the appointment valid under the provisions of section 95.-700, supra; and (2) because plaintiff did not properly allege his eligibility under the terms of section, 95.710 KRS to become a policeman which counsel insists was necessary in order to entitle plaintiff to be reinstated to the position from which he was dismissed.

Ground (1) is based upon counsel's interpretation

of this language in KRS 95.700 saying that the classified cities therein "may, by ordinance,- (and not by motion as he contends) establish a police department, appoint its members," etc. (Our parenthesis). The *ordinance* required by the statute was one *establishing* a police department, after which the council should "appoint its members" and there is nothing in the ordinance intimating that the *appointment* of its officers, under the power conferred by the statute, should also be by an ordinance. That interpretation, if it needed support, may be found in the cases of Craft, Mayor v. Richie, 225 Ky. 652, 9 S. W. 2d 986, and Crail v. Board of Councilmen of City of Dayton, 231 Ky. 128, 21 S. W. 2d 144. Foreign cases and texts could also be cited to the same effect, but our interpretation is too plain and too well established to require it. Therefore, ground (1) urged by counsel for appellees must be held to be untenable.

In disposing of ground (2) we have held in a long line of cases that any public officer who seeks to recover an office must allege and prove every fact necessary to show that he possessed the required qualifications to hold the office at the time he took it and that his mere conclusions are insufficient. That rule of pleading so required to make a petition of plaintiff in such character of cases sufficient to entitle him to the relief he seeks is upheld in the cases of Dorain v. Walters, 132 Ky. 54, 116 S. W. 313; Meglemery v. Weissinger, 140 Ky. 353, 131 S. W. 40, 31 L. R. A., N. S., 575; Davis v. Watkins, 241 Ky. 261, 43 S. W. 2d 712; Barton v. Brafford, 264 Ky. 480, 95 S. W. 2d 6; White v. City of Hopkinsville, 280 Ky. 661, 134 S. W. 2d 236; Callis, Mayor, v. Brown, 283 Ky. 759, 142 S. W. 2d 675, and Saylor v. Rockcastle County Board of Education, 286 Ky. 63, 149 S. W. 2d 770.

In the Dorain case the plaintiff alleged his qualifications in general terms and this court in denying him relief said (132 Ky. 54, 116 S. W. 315): "He did not allege facts showing his eligibility to the office * * * of city treasurer of a city of the second class." In the Meglemery case we hold (140 Ky. 353, 131 S. W. 41): "a void appointment cannot be validated by either recognition or ratification." In the Barton case we held that (264 Ky. 480, 95 S. W. 2d 8) "the burden of alleging and proving every fact essential to their (plain-

tiff's) title rested upon them, and their recovery depends upon the strength of their own title and not the weakness of their adversaries.'' (Our parenthesis.) In the Davis case, supra, we said (241 Ky. 261, 43 S. W. 2d 713):

"The petition as amended contained the general allegation that appellant was duly elected trustee at the election held on the first Saturday in May, 1931. This is a mere conclusion of law. No facts are stated from which a court may determine the correctness of the pleader's conclusion. It is the duty of courts to declare conclusions, and of the parties to state the facts from which legal conclusions may be drawn. There is no allegation that an election was regularly and duly held nor that the election officers were appointed by the board of education as provided by law, nor that a record book kept by the officers of the election, in which the name of each person voting was recorded and the candidate for whom he voted was properly certified by them and turned over to the county board of education. No facts are alleged in the petition as amended which would justify the appellees in recognizing the appellant as the duly elected trustee of subdistrict No. 7. It follows that the demurrers to the petition and amended petition were properly sustained."

Numerous prior cases, cited in the foregoing ones, approve the necessary requirement in order to make a pleading wherein the plaintiff seeks to recover an office sufficient for that purpose.

Appellant in his original petition copied both the statute and the ordinance of the city specifying the qualification for the office in contest, but did not allege in that pleading that he possessed the qualifications prescribed by either the statute or the ordinance, contenting himself with alleging generally that ''he possessed all of the qualifications to be eligible to hold the office of night policeman in the city of Russellville, Kentucky, as prescribed in section 132 of the ordinance.'' The amended petition filed by appellant incorporated therein his original petition and when he alleged in the amendment that he possessed the qualifications set out in section 132 of the ordinance (pleaded verbatim in the original petition) he effectually alleged that he possessed those

qualifications so as to render him eligible to hold the office when he was appointed and also when he was discharged, and which had the effect to perfect his original petition on the issue of eligibility, and to take it out of the denounced practice rule established in the cases supra. Therefore ground (2) is also not available.

It results therefore that the court erred in sustaining the demurrer filed to the petition, as amended, and the judgment is reversed with directions to set it aside and for proceedings not inconsistent with this opinion.