## Smith v. Steinford et al.

October 21, 1949.

Rehearing denied December 2, 1949.

Morris Weintraub and Thomas Hirschfeld for appellees.

E. H. Walton for appellant.

CLAY, COMMISSIONER—Affirming.

This controversy involves a recount of the Democratic votes cast at the last primary election in Kenton County for the office of County Commissioner for the Third District. The two leading candidates were the appellant, Hughie Smith, and appellee, George W. Steinford. The initial tabulation gave appellant a plurality of five votes. On a petition for a recount, the Kenton Circuit Court (two judges sitting) adjudged that appellee won the Democratic nomination by a plurality of one vote.

We have before us an appeal and a cross-appeal. Only 17 ballots are in question. The markings on 13

of these ballots clearly indicate the intention of the voters, and we find these were properly counted by the judges sitting as the Circuit Court.

On the ballot identified as No. 4, there is a smudge of ink in the block opposite appellee's name. This smudge was obviously made by a thumb or finger. The Court below did not count this ballot for either candidate, and we are in entire agreement. The voter did not vote for any candidate in several other races listed on the ballot. Where he did vote, he stamped an "X" with a stencil. This is persuasive that the voter, where he wished to vote, indicated his intention by use of the stencil. Another fact is of equal or more significance. There are four other smudge marks on the ballot which definitely do not constitute votes for any candidate. In our opinion the impression opposite appellee's name was made inadvertently when the ballot was picked up or was being folded. It was not a vote for appellee.

The ballot designated as No. 6 shows a faint mark in the box opposite appellant's name, and the lower Court counted it for him. This ballot shows the voter cast a vote in every other race. This was done by use of a stencil. It was not well inked, and the other cross marks on the ballot are rather faint. A careful examination of the mark made opposite appellant's name convinces us that it was made by a stencil. Two lines of the "X" are definitely identifiable. In the light of these facts, the Court below correctly found this was an intended vote for appellant.

Two remaining ballots, which the Circuit Court did not count for either party, are in dispute. They are both clearly marked for appellant, but each has the secondary stub attached showing the name of the voter. They were apparently taken from the regular ballot box used in Precinct 1A. Neither the signature of the Judge nor the Clerk of Election for this precinct appears on the ballots. On the back of each are the signatures "R. P. Rich" and "F. A. Gillespie." The record shows that "Ralph Rich" was a duly appointed and acting member of the Board of Election Commissioners for Kenton County. The record does not identify F. A. Gillespie.

It is appellant's contention that these ballots were executed by *absentee* voters, and their apparent irregu-

arity does not necessarily invalidate them. We have recently so held in Stabile v. Osborne, 309 Ky. 427, 217 S. W. 2d 980. Appellant's position might be sustained if he had established that these were actually absentee ballots. He failed to do so.

In the first place, the ballots were taken from a precinct ballot box. If deposited there, they were illegal because not signed by a judge of the election and the secondary stub was not detached, as required by KRS 118.280. The statutes direct the County Court Clerk to use a special ballot box for the reception and preservation of ballots submitted by absentee voters. KRS 126.240 and 126.270. If the ballots in controversy were of the character contended for, presumptively they would not have been in the precinct ballot box.

Secondly, the name of R. P. Rich signed on the back of the ballots is not sufficient of itself to prove they were executed by absentee voters. While KRS 126.270 requires a member of the Board of Election Commissioners to sign absentee ballots preparatory to tabulating them, it is not shown the signatures involved were actually those of Board member Rich. If they are his signatures, it does not appear he signed in his official capacity for the purpose prescribed in the statute.

Thirdly, the above statute requires the signature of the Clerk of the Board on absentee ballots. "F. A. Gillespie" is not identified in the record as such Clerk, or, for that matter, as any person at all. We cannot build a presumption that the ballots are in the category contended for upon the groundless presumption that Mr. Gillespie was the Clerk of the Board.

We thus have a situation where appellant is claiming two votes cast by ballots which appear on their face illegal. He attempts to avoid this apparent invalidity by invoking an exception applicable only to absentee ballots. Clearly the burden was on him to prove the qualifying circumstances which would authorize the counting of these votes. He offered no evidence on the question, and the mere signatures on the back of the ballot are not of such persuasive character as to create any presumption in his favor. Having failed to prove these were absentee ballots, the Circuit Court properly declined to count them.

In view of our conclusions set out above, the judgment was correct in all respects, and appellee was rightfully declared winner of the Democratic nomination by one vote.

The judgment is affirmed.