## Smith v. McDermott.

June 2, 1950.

Lorimer W. Scott, Special Judge.

Andrew W. Clark and Hughes, Clark & Lee, for appellant.
Orie S. Ware, and Ware & Ware, for appellee.

STANLEY, COMMISSIONER—Affirming.

The appellant, Hugh J. Smith, and the appellee, Arthur J. McDermott, each has sought a judgment declaring himself to be the treasurer of Kenton County. As is apparent, the trial court, a special judge presiding, ruled that Mr. McDermott is the duly elected officer.

The statute provides that every four years the fiscal court of each county at its regular April term shall appoint a county treasurer, but if for any reason a treasurer is not appointed at that time, the county judge shall immediately call the court to meet on a day to be fixed within two weeks thereafter for the purpose. KRS 68.010. No one was appointed to the office of treasurer of Kenton County at the April term, 1949, nor was there a future meeting called in accordance with the provisions of the statute. It is stipulated that after numerous attempts to agree upon a choice, on October 6 two of the commissioners voted for John Kloentrup, and the county judge, William H. Wherman, and the other commissioner, Hugh J. Smith, voted in opposition. The deadlock continued without the county judge having exercised his power of appointment as provided in KRS 67.070. See Hill v. Taylor, 264 Ky. 708, 95 S. W. 2d 566; Muenninghoff v. Marret, 269 Ky. 826, 108 S. W. 2d 878. In August Mr. Smith was defeated for nomination as a candidate for the term beginning in January, 1950. See Smith v. Steinford, 311 Ky. 377, 224 S. W. 2d 141. No further recorded action was taken after the October meeting until notice was given of a special meeting to be held on December 31, 1949, which was on Saturday before Mr. Smith would go out of office on the following Monday except for the fact that it was a legal holiday. Only the county judge and Mr. Smith appeared for the meeting. The judge then appointed his fellow commissioner, Smith, as county treasurer for four years commencing January 1, 1950. (It is conceded that the appointment could have been only for the remainder of the term beginning in April, 1949.) Mr. Smith took the oath of office and executed a bond. On the same day he mailed his resignation as county commissioner to the Governor, who has the power to fill a vacancy in the office of county commissioner. KRS 63.010, 63.190.

On January 4, 1950, the fiscal court met in special

session with Judge Wehrman absent though he had received notice of the meeting. The three commissioners then voted for the appellee, Arthur J. McDermott, for treasurer and officially declared him elected. His tendered bond was approved and the oath of office administered.

The briefs discuss questions concerning the absence of a quorum on December 31, the effect of Smith's resignation as county commissioner and the fact of his acceptance of the incompatible office of county treasurer causing a vacancy. It is not necessary that we consider them. We think the trial court properly ruled that the appointment of Mr. Smith was void, as was determined in the similar case of Meglemery v. Weissinger, 140 Ky. 353, 131 S. W. 40, 31 L.R.A., N.S., 575. In that well considered opinion by Judge Carroll, the court concluded that it was against public policy for three members of a county commission to appoint the other member to oversee the construction of a bridge notwithstanding his term would expire three days later, the same as in the present instance. The appointment was held to be void and the action of the succeeding fiscal court in naming another to be valid. The reasons for the conclusion need not be repeated nor the opinions of this court cited as sustaining them. Distinctions are seen by the appellant in that Meglemery was a member of the body which named him, while here the county judge exercised an exclusive power in naming the county treasurer as held in Muenninghoff v. Marret, supra. Also, that he was acting by virtue of being county judge rather than as a member of the body of the fiscal court. As suggested in Hill v. Taylor, supra, 264 Ky. 708, 95 S. W. 2d 566, it does not seem to be significant whether such action in exercising a contingent power of appointment is in the capacity of presiding officer of the fiscal court or as the judge of the county court. Another distinction is seen in that the acceptance of the office of treasurer by Smith ipso facto vacated his office as county commissioner, while Meglemery, in becoming a road overseer, did not. The answer to these contentions of controlling distinctions would seem to be found in that part of the opinion holding that the fact that the overseer's compensation and control would be by the succeeding members of the fiscal court, of which he would not be one, made no difference or have the effect

of changing the salutary rule of public policy. The principal reason is in part: "It is of the highest importance that municipal and other bodies of public servants should be free from every kind of personal influence in making appointments that carry with them services to which the public are entitled and compensation that the public must pay." [140 Ky. 353, 131 S. W. 41]

In the present case, Smith, the appointee, had helped to create the vacancy and to keep it open for nearly eight months. The county judge might have made the appointment in May. He let all this time go by without making the appointment. Under the circumstances, his naming of Smith after this long interval and when he had been defeated for reelection is not too complimentary. It is conceivable, though it is not charged, that this delay was to afford an opportunity for the appointment of one of the members of the body just as his term was expiring. The whole proceeding was to the hurt of the common welfare. It is not good government. It is no less defensible than was the naming of one member of the body by the other three in the Meglemery case.

No question is raised about the validity of the appointment or qualification of McDermott in January, 1950, if the appointment of Smith was invalid. We, therefore, concur in the ruling of the trial court.

The judgment is affirmed.