CITY OF MIDDLESBORO, Kentucky,
Appellant,

v.

Herman WELCH, Appellee.

Court of Appeals of Kentucky.

Jan. 28, 1955.

Robert J. Watson, Middlesboro, for appellant.

A. E. Funk, Jr., Middlesboro, for appellee.

STANLEY, Commissioner.

On February 9, 1954, the Middlesboro common council passed a motion that the police force "be reduced effective February 15, 1954, by dispensing with the services of William Shaffner, Herman Welch and John Dickson who are not now qualified under the city civil service law." The council took no action on Welch's petition for reinstatement, and he sued to recover his position and salary. The circuit court adjudged that Welch's dismissal was illegal and that he should be immediately reinstated with payment of his back salary. The city appeals.

No ordinance was proved showing the city (which is of the third class) had elected to create a civil service commission and operate its police and fire departments under KRS 90.310 et seq. as provided by KRS 90.300(2). Nor, indeed, was any or-

dinance in relation to civil service proved. But it is not questioned that at the time of the appellee's appointment and thereafter Middlesboro was conducting its police department according to the provisions of KRS 95.430 et seq., which is a civil service system managed by the city's legislative body.

A police officer who never passed a civil service examination and was never placed on the eligible list, does not hold his place under a valid appointment in the classified service so as to be entitled to the statutory protection against summary dismissal declared in KRS 95.440(3). White v. City of Hopkinsville, 280 Ky. 661, 134 S.W.2d 236; Wiltshire v. Callis, 289 Ky. 753, 160 S.W.2d 173.

It was incumbent upon the appellee as plaintiff in order to recover his position to prove by competent evidence that his name was on the eligible list, as defined in KRS 95.010(2) (b), when he was appointed as a patrolman. Rosser v. City of Russellville, 306 Ky. 462, 208 S.W.2d 322.

The appellee testified that he had served for a brief time as a special patrolman; passed the civil service examination on July 23, 1949; had his name placed on the eligible list on August 22, 1949; was appointed as a regular police officer on March 7, 1950, and served as such continuously until his dismissal. Whether the appellee had passed the civil service examination and been placed on the eligible list for appointment is presumably a matter of official record of the council. KRS 95.440. Cf. Gamm v. City of Covington, 236 Ky. 711, 33 S.W.2d 697. The result of a civil service examination is not a mere transient matter. It is a public record which should be preserved. "It has been said to be a general rule that what ought to be of record must be proved by the record." 20 Am. Jur., Evidence, Sec. 1164.

It is familiar law that the official action of a city can be shown only by its records and they cannot be enlarged or restricted by parol testimony. Spalding v.

City of Lebanon, 156 Ky. 37, 160 S.W. 751, 49 L.R.A.,N.S., 387; Fidelity & Deposit Co. of Maryland v. Commonwealth, to Use of City of Jackson, 252 Ky. 476, 67 S.W.2d 719. The testimony of a police officer which is merely of his own knowledge or conclusion that he possessed the required qualifications may not be received in evidence of that fact. Rosser v. City of Russellville, 306 Ky. 462, 208 S.W.2d 322. This rule that the record of municipal action is the best evidence is not limited to formal official action but to documents and other records. Ebert v. Board of Education, 277 Ky. 633, 126 S.W.2d 1111. It must be held to include records of eligibility to appointment under civil service laws.

We are of opinion, therefore, that the trial court should have sustained the defendant's objections to the parol testimony.

We turn to the record evidence. The clerk of the council read into the record certain minutes of that body but did not give the dates thereof. One of them recites the order that a civil service examination be held by the city attorney on July 23, 1949. But it does not say what the examination should be for. Later in sequence of entry is one reciting:

"Upon motion made and duly seconded the following men having passed the civil service examination given July 23, 1949, are placed on the eligible list: Charles Lee West, Jr., Walter Veneble, Huey Fields, and Fuson Mason. Upon motion made and duly seconded the men working for the City of Middlesboro are placed under civil service: Herman Welch, Roland Marsee, James Evans and Roland York."

Then there is this entry: "Herman Welch was sworn in as a regular patrolman retroactive as of March 7." Then came the minute of February 9, 1954, quoted above, recording the dismissal of the appellee, Welch, and two other men.

It is to be noted that the record of the council with respect to the appellee's appointment omits his name as one of those who had passed the civil service examination on July 23, 1949. The names of four men who did pass are stated. The significance of the omission of Welch's name is revealed by the further statement in the minutes that Welch and three other men "working for the City of Middlesboro are placed under Civil Service." Thus, it appears that Welch was arbitrarily blanketed into the protected category without having passed the examination. We find no authority in the statute for this action. The security given members of the police department of a city of the third class contained in KRS 95.440(3) is of those who had qualified according to the two preceding subsections relating to the examination as to fitness and merit of members of the department. In dismissing the appellee from the police force the council recorded its view that he was "not now qualified under the city civil service law." The accuracy of that statement has not been challenged directly. In White v. City of Hopkinsville, 280 Ky. 661, 134 S.W.2d 236, 237, an ordinance dismissing three policemen recited they had been acting as patrolmen without having been "regularly appointed, elected or confirmed in such positions." The court held their dismissal was authorized.

The appellee, in our opinion, did not establish his right to continue in office under the protection of the civil service statute. The council, therefore, was authorized to dispense with his services without preferring charges or giving him a hearing on his petition for reinstatement.

Accordingly, the judgment is reversed.