Stanley LEMON, as County Attorney of Casey County et al., Appellants,

v.

The FISCAL COURT OF CASEY COUNTY, etc., et al., Appellees.

Court of Appeals of Kentucky.

June 15, 1956.

Stanley Lemon, Liberty, L. C. Lawrence, Jamestown, for appellants.

Moore & Pittman, Liberty, for appellees.

SIMS, Judge.

This is a suit filed by taxpayers against members of the fiscal court and the treasurer of Casey County challenging the right of that court to employ one of its members, James F. Allison, as dog warden of Casey County, and to enjoin the county treasurer from paying him $25 per month salary as such warden. The court dismissed the complaint and this appeal followed.

The complaint averred the fiscal court by an order entered September 13, 1955, employed Allison, a duly elected and qualified member of the fiscal court of Casey County, as dog warden of the county at a salary of $25 per month. It is further averred in the complaint the fiscal court had no legal right or authority to employ Allison while he was a member of that body and pay him for his services as dog warden, and that the fiscal court's action in so doing contravened KRS 61.220, which forbids a member of the fiscal court to become interested directly, or indirectly, in any contract for work to be done or materials to be furnished the county.

Appellants urge two grounds for reversal: 1. The appointment of a member of the fiscal court to another office in the county contravenes the public policy of the state; 2. the order of the fiscal court employing Allison as dog warden contravenes KRS 61.220, § 165 (incompatible offices) and § 235 (increasing salary during term) of the Kentucky Constitution. As we find merit in the first ground, we do not reach the second.

In Meglemery v. Weissinger, 140 Ky. 353, 131 S.W. 40, 31 L.R.A.,N.S., 575, we held the appointment by the fiscal court of one of its members as bridge commissioner was void because it was against public policy. It was there said that municipal bodies and public servants should be free from every kind of influence in making appointments and the public welfare required appointing bodies to go outside of their own membership in naming public servants. This Meglemery opinion was followed in Smith v. McDermott, 313 Ky. 184, 230 S.W.2d 636, where we held that the appointment by the county judge of his fellow county commissioner to the office of county treasurer was void as being against public policy.

Appellee leans heavily on Franklin County v. Graham, 305 Ky. 710, 205 S.W.2d 505, as authority to support the employment of Allison as dog warden by the fiscal court. That case deals only with the question of whether or not a member of the fiscal court under KRS 67.110, who also was made a member of the county road committee under this section, could collect pay in excess of that provided by the fiscal court, although a higher rate of pay was authorized by the Legislature. We there held Graham had waived any right to claim such additional remuneration. This Graham opinion cited Flowers v. Logan County, 138 Ky. 59, 127 S.W. 512, 137 Am. St.Rep. 347, which explained that "road committee service" by members of the fiscal court is expressly exempted by the Legislature, which abrogates the general rule that the fiscal court may not employ any of its members in an outside capacity.

The judgment is reversed and one will be entered to the effect that the employment of Allison as dog warden of Casey County, is void as being against public policy, and that the county treasurer be enjoined from paying Allison his salary as such dog warden.

MONTGOMERY, J., not sitting.