**URBAN RENEWAL AND COMMUNITY DEVELOPMENT AGENCY OF LOUISVILLE, a Public Entity, Appellant,**

**v.**

**Nelson Daniel GOODWIN and Zeola Goodwin, his wife, Appellees.**

Court of Appeals of Kentucky.

Sept. 27, 1974.

Garner M. Petrie, Gerald F. McDaniel, Louisville, for appellant.

Foster L. Haunz, Louisville, Ronald Snyder, Jeffersontown, for appellees.

JONES, Justice.

This is an appeal from a final order of the Jefferson Circuit Court entered November 26, 1973, which set aside a portion of a judgment entered August 20, 1971. The judgment of August 20, 1971, granted Urban Renewal the right to condemn certain properties owned by the Goodwins. The property condemned consisted of a tract shaped like a "dipper." The Goodwins' residence and business were located on the lower half of the property, or the cup of the "dipper." Urban Renewal at that time paid the sum of $33,000.00 into court, where it remained. However, Urban Renewal made no effort to take possession or to obtain a deed to the property. The judgment of November 26, 1973, was entered pursuant to a motion under the provisions of CR 60.02(5). After a hearing, the trial court granted the Goodwins the relief sought on grounds the judgment was no longer equitable; that relief being that the portion of the property upon which the residence was located was not to be condemned. The November judgment directed that the action proceed to trial for determination of the value of the tract being condemned.

Urban Renewal urges on appeal that: (1) the trial court erred in applying the doctrine of estoppel against a government agency with the power of condemnation under KRS 99.420 and (2) that the trial court erred in finding that the residential property is not necessary under the redevelopment plan proposed by Urban Renewal.

We find no merit in either of Urban Renewal's contentions, and are affirming the judgment.

Urban Renewal's argument is that KRS 99.420 precludes an appeal after the trial court has ruled that it had the right to take certain properties under a valid urban renewal plan. Cartmell v. Urban Renewal and Community Development Agency, Ky., 432 S.W.2d 445 (1968).

We fail to see the reasoning for Urban Renewal's position. The court on a motion under CR 60.02 *may* relieve a party from that court's final judgment if that judgment is no longer equitable. A motion under the provisions of CR 60.02 is not an appeal.

The Goodwin's relied on correspondence not only by Urban Renewal but also by the Department of Housing and Urban Renewal that if they made certain improvements on their residence and property they would be permitted to retain it. The Goodwins, relying on the correspondence and negotiations, built a new roof, and improved the electrical wiring and plumbing. They landscaped the lot and improved outbuildings and installed exterior lighting. They resurfaced a part of the driveway. These improvements were made over a period of 26 months. During this time, no attempt was made by Urban Renewal to stop the Goodwins from making the improvements. No effort was taken by Urban Renewal to clarify its intentions. Additionally, the Goodwins abandoned an appeal of the August 20, 1971, judgment, because of the negotiations with Urban Renewal.

Urban Renewal's argument that the trial court exceeded its authority in finding

that the property retained by the Goodwins was unnecessary to the redevelopment plan has no merit. The correspondence between the parties indicates otherwise. In a letter from Urban Renewal to Goodwins' attorney, dated November 11, 1971, the Goodwins were permitted to retain the portion of the condemned property on condition, ". . . that Mr. Goodwin improves his residence to meet all codes and provides for the utility services, such as water, sewer and electricity, this agency (Urban Renewal) will agree that his dwelling remain on the property. . . ."

The finding of facts by the trial court are not clearly erroneous and are amply supported by the evidence. CR 52.01.

The judgment is affirmed.

All concur.