Charles STOVALL, Appellant,

v.

CITY OF SCOTTSVILLE, Kentucky, a Municipal Corporation of the Fourth Class, Appellee.

Court of Appeals of Kentucky.

Feb. 29, 1980.

Discretionary Review Denied Oct. 28, 1980.

Whayne C. Priest, Jr., English, Lucas, Priest & Owsley, Bowling Green, for appellant.

Kelly D. Powell, Scottsville, for appellee.

Before BREETZ, GANT and VANCE, JJ.

VANCE, Judge.

On December 14, 1972, the City of Scottsville extended civil service protection to certain classes of its employees by the enactment of an ordinance which provided that "all present employees of the City of Scottsville" shall automatically be covered by the civil service law.[1]

Appellant was an employee of the City of Scottsville on December 14, 1972. He continued to work for the City until he was injured July 28, 1976. The parties have stipulated that neither appellant nor any other person who was employed by the City as of December 14, 1972, has taken a civil service examination and none of said employees have ever been requested to take an examination.

Appellant claims that he has recovered from his injury and has been fully able to perform the duties of his job since January 1, 1977, but that the City has refused to allow him to return to work. This refusal, appellant contends, is tantamount to a discharge from employment without preferment of charges and without a hearing in violation of civil service regulations.

If appellant is, in fact, covered by the civil service provisions of KRS 90.310 *et seq.*, his discharge in the absence of charges

---

1. The City of Scottsville is a fourth–class city. It appears to us that there is a question as to whether a fourth–class city is authorized by statute to adopt the provisions of KRS 90.310 to 90.410 because KRS 90.310 limits the applicability *of those sections to cities of the second and third classes.* We do not decide the question because it was not raised.

KRS 95.761(3) provides that a city of the fourth or fifth class is authorized to adopt the provisions of KRS 90.300 to 90.420 governing civil service, the same as a city of the third class. Chapter 95 of the statute relates to city police and fire departments, and because it was not raised we do not decide whether KRS 95.-761 relates to civil service for all city employees or is limited to employees of the police and fire departments.

The parties to this appeal do not question, and apparently concede, that a fourth–class city may adopt the civil service provisions of KRS 90.310 to 90.410 with respect to all of its employees. For the purpose of this appeal we accept that premise without deciding whether or not it is correct.

and a hearing thereon would not be permissible. The City contends, however, that appellant is not a covered employee because of the application of KRS 90.340 which provides as follows:

·Employes who at the time the provisions of KRS 90.310 to 90.410 are adopted by any city of the second or third class have been in the employ of that city for one (1) year last past shall not be required to stand an original examination, and shall be eligible for all the benefits provided by KRS 90.310 to 90.410.

Although appellant was employed by the City continuously for a period of 15 years, except for one 6–month interruption, it is not disputed that on December 14, 1972, he had not been an employee of the City for the last past year. He quit his employment with the City in the summer of 1971 and was rehired on January 4, 1972. Thus when the ordinance was enacted he had been a City employee for the last past eleven months and ten days, but not one year.

■ The statutory provisions for municipal civil service are not mandatory, but if the City elects to operate under the civil service statutes its authority is limited by those statutes. KRS 90.320 requires an examination to be conducted by the civil service commission. The only exemption is for employees of the City at the time the ordinance is adopted who have been employed by the City for one year last past. KRS 90.340.

■ Employees cannot acquire civil service status through employment for a period of years without taking a civil service examination. *Elliott v. City of Covington*, 304 Ky. 802, 202 S.W.2d 621 (1947). A City cannot arbitrarily include its employees in a civil service status without an examination except such employees who qualify under KRS 90.340. *City of Middlesboro v. Welch*, Ky., 275 S.W.2d 56 (1955).

Although *Elliott, supra*, concerned an employee who was hired after, rather than before, the adoption of a civil service ordinance, we see nothing in the opinion to indicate a different result would have been

reached in the event of prior service unless the prior service qualified the employee for the exemption set forth in KRS 90.340.

Appellant contends that KRS 90.310 relates only to examinations for applicants and KRS 90.320 refers to vacant positions. He argues that because he was a present employee there was no vacancy in his position and he was not an applicant and therefore the examination was not required for him.

■ The civil service status authorized by KRS 90.310 is optional, but if a City does elect to go under civil service all employees in classified positions, except those exempt by KRS 90.340, are required to take and pass the appropriate examination to acquire the protection afforded by the act. *City of Middlesboro v. Welch, supra; Elliott v. City of Covington, supra.*

KRS 90.310 grants to the City a right to classify its employees and designate the class it desires to include under civil service. Appellant contends this permitted the City to designate and include as a class "all present employees."

■ We think the obvious purpose of this section is to permit a City to include some classifications of employees in civil service and to exclude other classifications, but it is not the purpose of KRS 90.310 to allow any employee to be brought under civil service without fulfilling the prerequisites set forth in KRS 90.310 to 90.410.

■ We conclude, therefore, that the City did not have the authority to confer civil service status, without examination, upon appellant.

Appellant contends his continuous employment for eleven months and ten days at the time of the adoption of the ordinance and for 14 of the last 15 years before that is a substantial compliance with the statute.

The statute not only requires employment for one year, but also that it be the year *last past*. The interruption in appellant's employment was not caused by illness, strike or any other matter beyond appellant's control. He deliberately quit his

job for a period of six months and we do not consider this to be an insubstantial interruption of the work. When he was reemployed after the 6–month work interruption the time began to run again for the purpose of computing whether or not he had worked the *last past* year for the City at the time it adopted the ordinance. *See Young v. Jones*, Ky., 481 S.W.2d 268 (1972).

He was twenty days short of meeting the requirements of the statute. Although the statute undoubtedly reflected an intent on the part of the General Assembly that prior work could be substituted for an examination in determining fitness for a job, the legislature fixed the minimum time at one year. We do not have authority to fix a lesser time.

Appellant also contends on this appeal that the City is estopped from reliance upon KRS 90.340. We cannot find any place in the record where this argument was made to the trial court. Appellant did, however, raise the issue of waiver before the trial court.

 It appears here without contradiction that appellant was told by City officials that he was covered under the terms of the ordinance. The City officials had no authority to make such a statement. A City cannot be estopped from asserting the invalidity of unauthorized acts by its officers. *City of Owensboro v. Evansville and Ohio Valley Transit Co.*, Ky., 448 S.W.2d 375 (1969).

The facts of this case do not bring it within the exceptions stated in *Urban Renewal and Community Development Agency of Louisville v. Goodwin*, Ky., 514 S.W.2d 190 (1974), or *Board of Education of Anderson County v. Calvert et al.*, Ky., 321 S.W.2d 413 (1959).

The judgment is affirmed.

All concur.

